## McKee *vs* McKee.

ERROR TO THE GARRARD CIRCUIT.

*Replevin. Avowry. Towns. By-Laws.*

JUDGE BRECK delivered the opinion of the Court.

June 27.

IT is the opinion of this Court that the Circuit Court erred in sustaining the demurrer of the plaintiff to the avowry of the defendant in replevin, now plaintiff in error. No particular defects or objections have been suggested by counsel, and we have not been able to discover any. It is not deemed necessary to go into an argument to prove the authority of the Legislature to vest in the corporation of the town of Lancaster, ample power to pass the ordinance or by-law under which the proceeding was had, by which the plaintiff in error, who was the Marshal of said town, originally siezed the hogs in controversy. The corporation is authorized by the Legislature, to exercise all the rights, powers and privileges of a corporation, for the purposes of the municipal regulation and control of said town; to impose adequate penalties upon such persons as neglect or refuse the duties required of them, and to pass all such rules, ordinances and by-laws for the government of said town, as may not be inconsistent with the constitution and laws of this State nor of the United States.

The Legislature has the right to vest the Trustees of towns with power to pass by-laws for preventing hogs running at large in the town and imposing fines upon such as violate such by-laws.

8m433
93    49

8bm433
106    86

8bm433
e122   433

In view of this authority the President and Board of Trustees established the following ordinance or by-law:

"That no hog, shoat or pig shall be permitted to run at large within the limits of the town of Lancaster; and if any such be hereafter found running at large, it shall be the duty of the Marshal of said town forthwith to take up the same, and if a jury for that purpose, first empannelled and sworn before some Justice of the Peace, shall determine that there has been a violation of this section, by such hog, shoat or pig having run at large within the limits of said town as aforesaid, said Justice shall proceed to make an order, in which he

McKee
vs
McKee.

shall describe the marks, &c. of each, directing the Marshal of said town to sell the same to the highest bidder, either separate or in lots, as he shall deem best, for cash in hand, and after deducting the costs and charges of such proceeding, the remainder of the proceeds of such sale shall be by him paid over to the Treasurer of the Board of Trustees of said town, which shall be held subject to the order of the former owner of such hog, shoat or pig."

We are not prepared to say that there is any thing in this ordinance inconsistent with the constitution and laws of Kentucky, or with the constitution of the United States.

by-laws by which hogs found running at large in a town, are made subject to sale at the expense of the owner, and the balance to be paid to the owner, is not in violation of either Federal or State constitution.

The running at large of hogs in a town, may be regarded as a public nuisance, which this ordinance is designed effectually to prevent and abate. We perceive nothing in the mode of proceeding unconstitutional or inappropriate, nor is the penalty imposed deemed excessive or unreasonable.

It is not averred in the avowry, that the owner of the hogs was a resident or citizen of the town, nor in our opinion was such an averment necessary.

The offence consists in suffering the hogs to run at large in the town, and it is equally a violation of the ordinance, whether the owner resides out of the town or in it. The proceeding is virtually a proceeding *in rem*, and rests upon the seizure of the hogs, and not upon the residence or domicil of the owner. But in this case due notice was served upon the owner of the hogs, and he was made a party to the proceeding.

Regarding the avowry as good and sufficient, the judgment must be reversed and the cause remanded, with directions to overrule the demurrer to it, and for further proceedings.

*Burton* for plaintiff.