## Ransom Bullock

### *v.*

## William P. Geomble.

1. EVIDENCE — *town records — what sufficient identification of to admit in evidence.* Where, from the bill of exceptions, it appeared that a witness testified that he was then acting as town clerk, and stated, "this is the town record," and thereupon such record was offered in evidence, which was objected to, but no specific objection assigned, — *held*, that such identification was sufficient to admit the record to be read in evidence.

2. STATUTES — *penal — must be strictly construed and observed — in proceedings under to divest title.* In all penal and summary proceedings for the divestiture of title to property, the law must be strictly construed, and its requirements rigidly observed.

3. ORDINANCES — *authorizing summary proceedings, for appraisement of damages, and prohibiting a trial by jury — void.* An ordinance of the town of Chatsworth, restraining stock from running at large, provided, among other things, that if the owner failed to reclaim them within a certain time, " and pay all costs of impounding, and the damages which the stock may have done, the damages to be assessed by three disinterested men, citizens of said town," they should be sold to satisfy such costs and damages, — *held*, that the ordinance was unconstitutional and void; that, the proceeding being one for damages, the owner was entitled to a trial by jury, the same as in any other case at law, and could not be deprived of such right.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. CHARLES J. BEATTIE, for the appellant.

Messrs. A. E. HARDING and S. T. FOSTIC, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by Ransom Bullock, before a justice of the peace of Livingston county, against

William P. Geomble, for the recovery of a steer. It appears, that plaintiff resided in La Salle county, and was the owner of a herd of cattle, which he grazed on the prairie, in the county of Livingston, during the summer of 1866. He employed Patrick Kearney to take care of and attend to the herd. While Kearney had charge of the cattle, and when plaintiff was absent from the county, seventeen head of the cattle escaped from the herd, but were afterward found by Kearney in the pound, in the adjoining town of Chatsworth, in that county. Without consultation with plaintiff, Kearney made an arrangement with defendant, who claimed to be the pound-master and had the cattle in custody, by which he took away sixteen, and left one steer in the pound as security for costs and pound fees.

On the return of plaintiff, he refused to recognize the arrangement, denied the right of defendant to impound the steer and demanded his return, which was refused. Thereupon the action was brought to recover the steer. On the trial before the justice, defendant recovered a judgment. An appeal was prosecuted to the Circuit Court, where another trial was had with the same result. The case is now brought to this court by appeal, and errors are assigned on the record, and a reversal is asked upon various grounds.

The evidence shows, that appellant tendered to appellee five dollars to pay his fees and charges. Appellee testified that his fees were—for feed of the cattle, $1.70; fees, $1.70; notice, 50 cents; notice of sale, 75 cents; total, $7.60. When all of the items given by him are added together, it will be seen that they only amount, in the aggregate, to the sum of $4.65. It then follows that the amount tendered was amply sufficient to cover all of the fees given by items. And it seems, that he left the tender with the justice, and he was directed to return it to the Circuit Court with the papers in the case. A sufficient tender of the pound fees and charges having been made, there can be no pretense that appellee had any right to hold the steer because they were not paid.

It is, however, insisted, that it was the duty of appellee to hold the steer until the damages done by the cattle were also

paid to the pound-master. It is urged by the appellant, that the records of the town clerk and ordinance were not sufficiently identified to authorize them to be read in evidence. The bill of exceptions states, that the town clerk testified that he was then acting as such, and stated "this is the town record," and that appellee then offered in evidence the town record of the town of Chatsworth, which was objected to by appellant, but the record fails to show that any specific objection was pointed out at the time. We must conclude that the record offered was that which the town clerk had identified, no other is spoken of, and had another been offered, different from that identified by the town clerk, it would have been pointed out and appeared in the bill of exceptions.

From the town records read in evidence it appears, that, on the 5th of April, 1864, the town of Chatsworth, at a regular town meeting, adopted an ordinance in reference to stock running at large in the town. It declares that no cattle, horses, mules, sheep, goats or swine shall be allowed to run at large in the town except on the following restrictions hereinafter imposed. We have carefully examined the ordinance as copied into the record, and we are unable to find that any provision is made for such stock to run at large at any time or under any restrictions of any description.

The ordinance declares, that, if the owners of any of the above described stock shall permit the same to run at large, they shall be liable for all damages such stock may do to growing or matured crops, whether growing in inclosed or uninclosed fields. In case such stock shall damage such crops, the party injured, any member of his family, or either of the constables of the town, are authorized to take the stock to the pound, and the keeper of the pound is required to give notice to the owner, if known to him, within forty-eight hours, otherwise to post up notices in three public places, describing the stock. If the owner fails to remove them in three days thereafter, "and pay all costs of impounding, and the damages which the stock may have done, the damages to be appraised by three disinterested men, citizens of said town," then the pound-master is required

to sell the same, in the same manner that the law requires property to be sold at constable's sale, to pay the costs and damages. The fees to the pound-master and appraisers are then fixed by the ordinance. It then provides for the redemption of the property thus sold by the owner within three months after the sale, on payment of the purchase money with ten per cent interest, together with reasonable charges for keeping the stock.

No rule of law is better settled, or more firmly adhered to, than that, in all penal or summary proceedings for the divestiture of title to property, the law must not only be strictly construed, but all of its requirements must be strictly observed. If it were conceded that the town had the power to adopt such an ordinance, summarily depriving a man of his property by assessing damages by these men, chosen by the party claiming to have sustained dama゛ ゛, without notice to the owner of the stock and without th゛ ' of trial by a court and jury, and without an oppor゛ ゛ the case reviewed, the by-law would have to ゛ ...sued. This ordinance declares that the ass゛ ゛nall be made by citizens of the town, while the゛ ..゛ nothing to show that the appraisers, who acted in this case, were citizens of the county or State, much less of the town.

Again, we see no evidence in this record from which it may be reasonably inferred that appellant's cattle committed the trespass for which the assessments were made. No witness so states, nor do they testify to facts proving that they did. Appellant could in no event be liable for injury to the owners of the premises, unless it was to their crops, and by his cattle, or such as were in his custody, by himself or servants. We discover no evidence that injury was done to crops. The certificate states that they fixed the damage done on the premises of certain persons by a lot of stray cattle; but what the damage was to, or by whose cattle done, does not appear. Had it been to their fences, or their stock, or any thing else than crops, it would not be embraced in this evidence. And we are left entirely to conjecture as to the character of the injury they sustained.

As this case will have to be remanded for further proceedings, it is deemed proper to discuss and determine another question presented by this record, and that is, whether the town could, by such an ordinance, deprive the owner of a trial by a court to determine whether he was liable for damages growing out of a trespass committed by his cattle. The 6th section of article 13 of our Constitution declares, that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy." There can be no pretense that this is not a case at law. When the proceeding is for damage done to another person, it would unquestionably be a case at law, and the party supposed to be liable and against whom the proceeding is had has a clear and undoubted right to have the question passed upon and determined by a jury. This is his constitutional right, of which he cannot be deprived either by the general assembly or a town meeting. The terms of this ordinance deprive him of that right, as it provides for the selection of three men by the party claiming to have sustained damage.

The 8th section of the same article declares: "That no freeman shall be imprisoned or disseized of his freehold, liberties or privileges, or outlawed or exiled, or in any manner deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land." "Judgment of his peers" has always been held to mean trial by jury. This provision is contained in most if not all of the Constitutions of the States of the Union, and, so far as we can learn, has always received the same interpretation by the courts. By the phrase "the law of the land, has always been held to be by due process of the common law; so that this clause in effect affirms the right of trial according to the process and proceedings of the common law." 3 Story on Const. 661. And no one can contend, that by the course of the common law, a person could ever be adjudged to pay damages for injury done by his cattle except by the judgment of a regularly constituted court, after having been duly notified of the pendency of the proceeding and having afforded to him the opportunity of a trial and a defense.

This ordinance provides for no such trial, but for a mere *ex parte* proceeding before three men, citizens of the town, who may be in some undefined manner called upon to state the extent of the damage sustained, who are not required to be sworn, to hear evidence, or to give notice to the owner of the stock that he may be heard. This ordinance is clearly in violation of this clause of the 8th section of the 13th article of the Constitution. Whether the property may be sold by a pound-master for his fees, and a reasonable penalty imposed for permitting stock to run at large contrary to a town ordinance, is not determined. But we must hold that no such power exists to hold and sell the property for the damages done by stock to individuals on their property. That must be left for them to litigate or settle, as they may choose.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*