## GALVESTON TERM, 1892.

### W. J. COYLE v. M. T. McNABB.

#### (No. 3138.)

APPEAL from Dallas County. Opinion by DAVIDSON, J.

GILLESPIE & CAPERS, counsel for appellant.

McDONALD & PARKS, counsel for appellee.

§ 284. *Municipal corporations; may provide for the impounding of animals.* This was a suit originally brought by McNabb in the justice's court to recover of the defendant, W. J. Coyle, possession of a horse. In the justice's court judgment was rendered for the defendant, Coyle. The case was appealed by McNabb to the county court, where it was tried twice. The last time the case was tried upon an agreed statement of facts, the object being simply, under proper instructions, to have the case presented to the jury. The learned trial judge refused, however, to give any instructions whatever to the jury, either verbally or in writing, notwithstanding he was requested by both defendant's and plaintiff's attorneys to instruct the jury in writing. When the court refused to give the jury any instructions, the defendant's counsel requested that his instructions be given to the jury, but they were refused by the court, and the jury was allowed to retire and arrive at a verdict as best they could, without any instructions whatever to govern them. On this last trial McNabb recovered a judgment for the horse, or, in the alternative, for its value, in the sum of $170.83; from which judgment Coyle appeals to this court, and assigns as error two propositions: *First,* that the court

erred in not charging the jury; and *second*, the court erred in refusing to give defendant's special requested instructions in charge to the jury. We do not understand that the law requires a judge to charge the jury unless requested by one of the parties. The statute provides: "After the argument of a case, the judge may in open court deliver a charge to the jury on the law of the case, subject to the restrictions hereinafter provided." [R. S., art. 1316.] We further understand that, if he does charge the jury at all, it should be in writing. [Berry v. Railway Co., 72 Tex. 620.] The case just cited is the latest expression of our supreme court upon the subject, though the decisions are not free from conflict upon this subject. See 1 Petic. Dig., and notes, p. 269*f*, for a collation of authorities. By the agreed statement of facts, it appears that McNabb's horse was placed by him in a pasture several miles outside of the city limits of Dallas, and by some means unknown he got out of said pasture, strayed down into the city of Dallas, where he was taken up by the officers of the city, and under the ordinance of the city impounded, sold, and finally came into the possession of appellant, Coyle. Defendant's counsel asked a special instruction to the effect that if the horse had strayed or was running in the city of Dallas, and under and by virtue of the ordinance of said city was impounded, advertised and publicly sold, and that Coyle in this manner obtained his title to and possession of the horse, then the jury would find for the defendant. The court indorsed upon this instruction as follows: "Refused because the court believes that no citizen can be deprived of his property except by due course of law, and that the city had no power to take citizens' property, and delegate to the city marshal the power to sell the same and pass the title thereto; the same being confiscation, without any lawful process." It is unnecessary to notice the other special requested instruction which was refused by the court. Inasmuch as

the above quotation fully expresses the views of the lower court upon the subject, and, if these views be correct, then there can be no question as to the correctness of the judgment which was rendered, because said ordinance would be unconstitutional and void, we will not discuss any other question.   A valuable article on the impounding of animals will be found in 10 Amer. & Eng. Enc. Law, 187 et seq.:   "Under the police power of the state, it is within the province of the legislature to enact laws to prohibit the running at large of stock, to provide for the impounding of the same, and sale thereof to pay the expenses of impounding.   It has been held that laws authorizing the impounding and sale of stock without notice or judicial investigation are unconstitutional, as a sale of private property without 'due process of law.' This, however, has been denied in some recent cases, in which it is held that such laws are valid, as coming within the police power of the state, whether enacted by municipal corporations or state legislatures. . . . Statutes providing for the establishment and maintenance of pounds, the confinement of animals therein, the disposition to be made of such animals, and the means of redress to be exercised by persons whose animals are unlawfully impounded, usually apply to the impounding of animals under the authority of by-laws of towns, as well as impounding under the general statute.   Town ordinances authorizing the impounding of stock must be strictly pursued, or the proceeding will be void.   Animals cannot be impounded unless the owner suffers them to 'run at large,' within the strict construction of the statute in such cases made and provided; and it has been held that they can be taken up when at large whether they are there with or without the knowledge of the owner. . . .   When the statute has not been literally complied with, the impounding is illegal, and the animals can be recovered by an action of replevin, or their value by an action of trover.   When they are legally im-

pounded, however, the owner must pay the costs imposed, or he will not be entitled to receive them. . . . Almost all statutes provide that some kind of notice shall be given before the impounded animals can be sold. . . It is incumbent on the party claiming title to said animal under a pound-master's sale to show that it was liable to be impounded, and that the proceedings are authorized by law, in order to divest the owner's title." And to the same effect is the doctrine announced in 1 Dill. Mun. Corp., §§ 348–350. Article 400, Revised Statutes, provides that the city councils of cities and towns have authority to establish and regulate public pounds; and to regulate, restrain and prohibit the running at large of horses, mules, cattle, sheep, swine, goats; and to authorize the distraining, impounding, and sale of the same for the costs of the proceedings and the penalty incurred; and to order their destruction when they cannot be sold; and to impose penalties on the owners thereof for a violation of any ordinance. The ordinances of the city of Dallas in question, under which the horse was sold, were passed in conformity with the provisions of this statute. Similar ordinances have been held valid by the courts of this state. [See Moore v. Krenshaw, 1 Civil Cas. Ct. App., § 274, and authorities there cited, and Waco v. Powell, 32 Tex. 258.] Because the rights of the party were not submitted to the jury under the ordinances of the city of Dallas, the judgment is reversed that the cause may be tried again in conformity with the principles of law as above stated. Judgment reversed and cause remanded.

January 20, 1892.    Reversed and remanded.