[No. 706.   Decided December 1, 1892.]

·W. C. WILSON, *Appellant*, v. ROBERT BEYERS, *Respondent.*

ANIMALS — RUNNING AT LARGE — IMPOUNDING — NOTICE TO OWNER — POWERS OF CITY OF FOURTH CLASS.

The rights of a municipal corporation to restrain cattle from running at large, under the provisions of an ordinance passed in conformity with the grant of such power by the legislature, is a valid exercise of police power, and does not violate any constitutional provision.

Proceedings under an ordinance providing for the impounding of cattle running at large are proceedings *in rem*, and constructive service by publication is sufficient to give validity to the sale of the cattle, without personal notice being served on the owner.

Under the act of March 27, 1890, municipal corporations are divided into four classes, and their organization, classification, incorporation and powers are all provided for in said act. The same general powers are granted to cities and towns of the third and fourth class as to cities of the second class, but many powers are granted to large cities which are not granted to the smaller ones. The statute expressly confers on cities of the second and third class power to prevent and regulate the running at large of domestic animals within the city limits, while this power is not specified in the specific grants of power to cities of the fourth class. *Held*, That the provisions of the act must be construed together, and that it was not the intention of the legislature to confer upon cities of the fourth class by implication the power to prevent the running at large of animals.

*Appeal from Superior Court, Douglas County.*

*George Bradley*, for appellant.

*Pendergast & Malloy*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This cause was submitted to the court on an agreed statement of facts which involved the validity of a certain town ordinance of the town of Waterville (a town of the fourth ·class), providing for the impounding and sale of cattle running at large upon the public streets

of said town.    Plaintiff brought his action in replevin for certain cattle sold by defendant, and said to be unlawfully detained by respondent, who, as city marshal of said town of Waterville, seized the cattle under the provisions of said ordinance.    Defendant moved for judgment upon the agreed facts, and judgment was rendered upon said motion in his favor, and plaintiff appeals.

The contention of the appellant is that the ordinance in question is void for two reasons: (1) That it is in violation of § 3, art. 1 of the Constitution of the State of Washington.    (2) That said ordinance is invalid because the said town had no authority under the statute to pass it.

So far as the first proposition is concerned, there can be no doubt that the overwhelming weight of authority is opposed to the contention of appellant, and that the right to restrain cattle from running at large, under the provisions of the ordinance passed in conformity with the grant of such power by the legislature is a valid exercise of police power, and is not violative of any constitutional provision. Such power has been conferred on municipal corporations from time immemorial, and is founded on public necessity, protection of public health, safety and comfort; and but few courts have questioned its validity.    There have been many contentions over the reasonableness or unreasonableness of the notice given by the provisions of the ordinance, and many decisions holding the notice unreasonable, but they did not go to the right of the city to pass an ordinance of this character.    In other cases the ordinance provided for the collection of the damages which the stock may have done, and some courts have decided that the question of damages should be submitted to a jury.    This was the question decided in *Bullock v. Geomble,* 45 Ill. 218, cited by appellant.    In *Willis v. Legris,* 45 Ill. 289, cited by appellant on this point, the question of a penalty was involved, which is not involved in the case at bar.

Sustaining the validity of this and kindred ordinances, we cite: Dillon on Municipal Corporations (4th ed.), §§ 308, 350; Cooley on Const. Lim., § 588; *McKee v. McKee*, 8 B. Mon. 433; *Jarman v. Patterson*, 7 T. B. Mon. 644; *Brower v. Mayor, etc., of N. Y.*, 3 Barb. 254; *Milhau v. Sharp*, 17 Barb. 435; *Van Wormer v. Mayor et al.*, 15 Wend. 262; *Mayor, etc., of Carterville v. Lanham*, 67 Ga. 753; *Commonwealth v. Bean*, 14 Gray, 52; *Brophy v. Hyatt*, 10 Col. 223; *Spitler v. Young*, 63 Mo. 42; *Folmar v. Curtis*, 86 Ala. 354 ( 5 South. Rep. 678 ); 10 Am. & Eng. Enc. of Law, 187, and cases cited.

So far as the question of notice is concerned, as not being due process of law, proceedings under the ordinance are proceedings *in rem*. It is only the property that is dealt with; no personal liability attaches to the owner, and in an action *in rem* constructive service by publication is sufficient to give validity to the judgment obtained.

The second proposition, however, is more troublesome. The statute does not in express terms grant the power to the city council of cities of the fourth class to pass ordinances for the impounding of cattle or other stock, or to restrain them from running at large within the city limits. The question then is, has this power been conferred by necessary implication? As a general proposition it may be said that the city corporation is an inferior body, and has no other powers than those which have been expressly delegated to it, and their appropriate incidents. But what the appropriate incidents of expressly conferred powers are, is a question exceedingly difficult to determine, and one which has provoked the announcement of many conflicting opinions by the courts; and the text writers, while assuming to lay down rules for the construction of the statutes in such cases, leave the meaning of the rule so clouded as to render it of little assistance to the courts.

Thus, in Horr & Bemis on Municipal Police Ordinances, it is announced, in § 18, as follows:

"The charter or statute granting powers to municipal corporations usually enumerates those which may be exercised. It is a general rule that all powers not mentioned in the enumeration, and not incidental to those enumerated, are not intended to be included in the grant. All other powers are impliedly excluded."

All the force of the rule of construction thus laid down is, however, annulled by the following proviso:

"But the enumeration of special cases does not, unless the intent be apparent, exclude the implied power any further than necessarily results from the nature of the special provisions."

These oracular announcements, when construed together, contain no rule of construction whatever.

The rule of strict construction against the corporation is, however, thus laid down by Judge Dillon in his work on Municipal Corporations, § 89, and notes:

"Corporate power being delegated must be strictly construed and plainly conferred. Whenever a genuine doubt arises as to the right to exercise a certain power, it must be resolved against the corporation, and in favor of the general public. This rule is most strictly observed in construing powers that may lead to an infringement of personal or property rights."

In *Smith v. Madison*, 7 Ind. 86, it is held that the application of the above rule could not be made to defeat the right to exercise powers which are incidental to the good government of the community. In *City of Waco v. Powell*, 32 Tex. 258, under the provisions of the statute granting to a city government general control over the streets, similar to the provisions of our statutes relating to cities of the fourth class, it was held that such power authorized the enactment of an ordinance for the impounding of cattle;

and it was further held that the authority to pass such an ordinance existed not only under the general powers granted, but by reason of the power granting control of the public streets to the city. "The right of individuals," said the court, "to convert the public streets into a hog, cow or horse ranch, by allowing or compelling their stock to run there, cannot exist compatibly with the right of the board of aldermen to control the same streets. The two rights are inconsistent, and cannot exist together." The same doctrine is stated in several other cases. While other courts have gone still further, and held that under a general legislative provision that "the city or town shall have the right to make all necessary laws not repugnant to the laws of the state," such city has power to pass ordinances to restrain cattle from running at large. *Commonwealth v. Bean*, 14 Gray, 52. While many other courts have held that such power could not be legally implied. *Varden v. Mount*, 78 Ky. 86; *Collins v. Hatch*, 18 Ohio, 523.

It is pretty well conceded by the authorities that the term "general welfare" used in legislative grants of power to municipal corporations is of broader scope, and confers greater powers on corporations, than such expressions as "peace and good order" and "peace and good government," and that many things are essential to the public welfare which belong neither to the preservation of peace and good order, nor to the exercise of good government. The general authority conferred by our statute is as fol lows:

"To make all such ordinances, by-laws, rules, regulations and resolutions not inconsistent with the constitution and laws of the State of Washington as may be deemed expedient to maintain the peace, good government and wellfare of the town, and its trade, commerce and manufactures, and to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter."

So that it will be seen that the statute not only contains the "peace and good government" provision, but also contains the "general welfare" provision, for the word "welfare" is fully as comprehensive as the term "general welfare." And under this provision we might be constrained to give it the liberal construction contended for by respondent, were we called upon to construe the powers granted to any particular city independent of its relations to any other provisions of the statute. But under our law cities are divided into four classes, and their organization, classification, incorporation and powers are all provided for in one act, and to arrive at the intention of the law makers the act must be construed together. It will be observed from the perusal of the act that the same general powers are granted to cities and towns of the third and fourth class as are granted to cities of the second class, yet the statute expressly confers upon cities of the second and third class power to prevent and regulate the running at large of any and all domestic animals within the city limits, while this power is not specified in the specific grants of power to cities of the fourth class. It also appears that many other powers are granted to large cities which were not granted to the smaller ones, and it was the evident intention of the legislature to confer many powers on the larger cities which were withheld from the smaller ones. Considering the act together, as we must, we must conclude that this provision being made as to one class of cities, and not as to the other, it was not the intention of the legislature to confer the power by implication, and that the ordinance is, therefore, invalid.

The judgment is reversed.

ANDERS, C. J., and STILES, SCOTT and HOYT, JJ., concur.