CASE 7—REPLEVIN—MARCH 10.

# Armstrong v. Brown, Etc.
# Wright, Etc. v. Clark, Etc.

APPEAL FROM MARION CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—CITIES OF FOURTH CLASS—STOCK ORDINANCE.—An ordinance making it unlawful to allow live stock to run at large in a city of the fourth class and providing for a sale of such stock on actual or constructive notice to the owner, is within the police power conferred by section 3490, subsection 31, of the Kentucky Statutes, providing that such municipalities shall have power to "make proper regulations for the im-

[6]

pounding, keeping stock, fixing fees for same and release of same and regulate and prohibit the running at large, &c."

2. SAME—"DUE PROCESS OF LAW."—A notice posted at the court-house door for five days to the unknown owners of impounded stock, followed by five days' advertisement of the sale of same, describing the stock, is "due process of law," and a sale pursuant to such notice and advertisement is valid.

S. A. RUSSELL FOR THE APPELLANT.

The statute does not confer the right to sell or offer impounded animals, nor does the statute make any provision for the redemption by owners of animals impounded and sold. The ordinance was therefore invalid. Dillon on Municipal Corporations (4th ed.), vol. 1, p. 222, sec. 150.

H. W. RIVES FOR THE APPELLEE THE CITY OF LEBANON.

1. No question is raised as to the proceedings having been regular in all respects, if the ordinance itself be a valid exercise of power by a municipality. This power is conferred by section 3490, sub-section 31, Kentucky Statutes.

2. Ordinances for the impounding of stock and sale of same are police regulations, and it is sufficient that the procedure be *in rem*, provided some public notice be given that the owner may have opportunity to demand a judicial investigation on the question of liability of his stock before it is subject to sale. McKee v. McKee, 8 B. M., 433; Varden v. Mount, 78 Ky., 86; Gallager v. Wooster, 4 Ky., Law Rep., 256; Denham v. Anderson, 14 Id., 391; Gentry v. Little, 16 Ky. Law Rep., 26.

3. A notice of five days is sufficient to enable every owner of stock taken up in a city to find it if he used reasonable diligence in the search.

4. If, however, the ordinance be invalid, the city of Lebanon is not liable. Taylor v. Owensboro, 98 Ky., 271; 56 Am. St. Rep., 361; Monographic note to Goddard v. Inhabitants of Harpswell, 30 Am. St. Rep., 376.

JOHN McCHORD FOR THE APPELLEES NELSON, GLAZEBROOK & CLARK.

1. The stock ordinance of the city of Lebanon is within the power conferred by sub-section 31 of section 3490 Kentucky Statutes.

2. The notice provided for by the ordinance is "due process of law." Gentry v. Little, 16 Ky. Law Rep., 26.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

These two cases involve the same question, and are identical save parties, and will be determined together. The appellants brought these actions in replevin for the delivery of certain live stock, horse and mule, against appellees, the board of council of the city of Lebanon, the chief of police and the purchaser of the stock. The answer pleads, by way of defense, that the property sued for was, under an ordinance duly and regularly passed by the city of Lebanon, taken charge of by the chief of police and impounded, and after notice, as provided by the ordinance, had been given, the said property was, by the judgment of the city court, declared to be forfeited and ordered sold; that after due notice of the time and place of sale, as required by the ordinance, the property was sold at public outcry to the highest bidder and that one of appellees became the purchaser of the property, and that this was the wrongful seizure and possession complained of. The ordinances were set out in full and a certified copy filed with the answer. To this answer a demurrer was overruled in each case, and, appellants declining to plead further, the petition was dismissed absolutely. From that judgment these appeals are prosecuted.

The sole question presented by these appeals is the validity of the ordinance of the city of Lebanon, approved April 12, 1894, entitled, "An ordinance to prevent the running at large of live stock in the city of Lebanon, to provide for a pound, a poundmaster and for other purposes." This ordinance provides in sections one to four that it shall be unlawful for certain kinds of stock, including the kinds here sued for, to roam or be at large within the corporate limits; and that it shall be the duty

of a policeman to seize any such stock found on the street; and permitting any citizen upon whose premises the stock may go, to seize the stock, in either case to be delivered to the poundkeeper; and making it the duty of the person taking up such property to report in writing such fact within twenty-four hours to the police judge of the city of Lebanon, together with a description of the stock and the name of the owner, if known, and, if the owner be unknown, shall so state. This report shall be sworn to.

Section five provides for summons issued against the owner, returnable not less than three days from the issual, to show cause why the stock shall not be sold, etc. ·

Section six provides: "When the name of the owner of any stock taken up is not known, no summons shall be issued, but it shall be the duty of the police judge to post at the court house door in the city of Lebanon, and at the city pound, a written or printed notice, describing the stock taken up, and when and by whom, and the amount of damages claimed, if any, and requiring the owner to appear before the Lebanon police court, at a time specified in the notice, not less than five days from the posting of the notice, to show cause, if any he can, why the stock shall not be sold as provided by this ordinance."

· Section eight provides: "If the owner of any stock taken up under the provisions of this ordinance, after being notified as provided in section five or section six, shall fail to appear and defend, or if his defense be adjudged insufficient, the court shall enter judgment directing the chief of police to sell the stock for the payment of fees, costs and damages assessed against it, and the sale shall be made and reported to the next term of the court

thereafter. · Every sale made under this ordinance shall be between the hours of 10 o'clock a. m. and 2 o'clock p. m., in front of the court house door in the city of Lebanon, on a credit of thirty days, with approved security, and after notice of the time, place and terms of this sale shall have been posted at the court house door and at the city pound for five days prior thereto."

The remaining sections provide that the excess of the proceeds of sale over the fees, etc., shall be retained in the city treasury for the benefit of the owner, and paid upon his demand or order, and for the election of a poundmaster, and the fees and costs incident to the impounding, trial and sale, and redemption before sale.

The answer specifically alleges a compliance with each provision of the ordinance, the owner of the property being unknown, and not appearing either at the time fixed in the notice for trial or with an offer of redemption. Each step taken is set out in the answer, from the taking up to the sale and payment of the purchase price.

Lebanon is a city of the fourth class, and its charter is found in Kentucky Statutes, sections 3481-3606, both inclusive. Subsection 31 of section 3490 ("Powers of the General Council") provides: "The board of council shall have the right to establish and maintain a pound and make proper regulations for the impounding, keeping stock, fixing fees for same and release of same, and regulate and prohibit the running at large of stock on the streets of the city."

It is clear that the ordinance passed was in pursuance of the authority, or supposed authority, of this charter provision.

It is insisted, however, for appellants, that, under this provision of the charter, the council had no power to au-

thorize a sale or forfeiture of the property impounded, but that it could only fix a penalty against the owner, if in fault, and to fix certain fees and charges as a lien on the property, and to retain the property till the lien be satisfied.  It is contended that the language "and proper regulations for the impounding, keeping stock, fixing fees for same and release of same, and regulate and prohibit the running at large," etc., is exclusive of all other power, and that, as the power of sale is not mentioned, it is not given.  We are of opinion, on the authority of the cases of McKee v. McKee, 8 B. Mon., 433, and Varden v. Mount, 78 Ky., 86, [39 Am. Rep., 208], that the city council of Lebanon had full authority to pass the ordinance in question, in so far  as it authorizes a sale of the property impounded after a judicial determination by some court that the ordinance has been violated in permitting the stock to be at large.  The charter provisions in those cases were not as strong or as clear as in these, yet they were upheld in so far as it provided for a forfeiture and sale.

It is insisted that if the charter authorizes a forfeiture and sale after judicial determination of a violation, still the sale and proceedings herein are void, because the notice required, and the only one alleged to have been given—a posted written notice, describing the property, at the court house door and at the city pound for five days before the day of trial—is unreasonable, being too short, and as it is not alleged that appellants, the owners, had actual notice of the trial or proceedings; that, therefore, there was no notice, and appellants are bound by the trial and judgment of the police court on such notice; and that to thus deprive these appellants of their property is a violation of the constitutional guaranty of the rights of

property, and that they shall not be deprived thereof without due process of law; that it is merely a confiscation, under pretense of the forms of law, of which appellants had neither actual nor reasonable constructive notice. The validity of ordinances of this character has repeatedly been before the courts, and the reports of the various States contain many adjudged cases bearing on this question.

Some courts have held that the power to pass ordinances providing for summary process and sale was legal, and not unconstitutional, as they were within the exercise of the police power, and were of the character of laws that permits the destruction of a building to prevent the spread of fire, or the summary killing of domestic animals to prevent the spread of disease. The other courts hold that the better rule is that, before a forfeiture and sale, there must be some judicial proceeding. With the latter class our courts seem to have agreed, and we think properly so. It is clear that the impounding must be summary, but that there should be some judicial determination of a violation of the ordinance we entertain no doubt.

The serious question arises is five days sufficient time for constructive notice, with another five days before sale in which the owner may redeem? The proceeding to forfeit and order a sale is *in rem*, and can only affect the property impounded. Without a regular service of process and trial, the owner could not be fined, or adjudged to be indebted, exceeding the value of the animal impounded. This being true, the fees and costs of keeping the stock must be paid out of the proceeds of sale, and to require longer notice before trial would add more costs for the keeping of the animal, to be paid by the owner, or retained from the proceeds of the sale. If the unknown

owner was treated as a non-resident, and a warning order made for sixty or ninety days, the costs of keeping would often equal, if not exceed, the value of the property. So, from the very nature of the case, it is necessary, in the interest of the owner and the city, that the property should be sold as early as may be done; giving a reasonable opportunity to the owner to be heard, or, as commonly said, "to have his day in court."

We are of opinion that public posted notice for five days, as required by the ordinance, was reasonable and sufficient to sustain jurisdiction of the police court to declare a forfeiture and render judgment of sale. The reasonable presumption is that personal property, when sold at public outcry, after notice publicly given as provided, will bring its fair market value. After the legal charges and fees are deducted, the owner, by applying to the city treasurer, is entitled to the balance of the proceeds of the sale.

The proceedings had in these cases appear to have been regular, and the ordinance was strictly followed. In our opinion, the answers presented a complete defense, and the demurrers thereto were properly overruled.

Judgment affirmed in each case.