[Civil No. 789.  Filed March 20, 1903.]
[71 Pac. 900.]

A. Y. GREER, Defendant and Plaintiff in Error, v. MER-
CEDES DOWNEY, Plaintiff and Defendant in Error.

1. CONSTITUTIONAL LAW—ANIMALS—TRESPASSING—SALE FOR DAMAGES
—DUE PROCESS OF LAW—LAWS ARIZ. 1893, P. 32, ACT NO. 41, SEC. 4
ET SEQ., HELD VOID—REV. STATS. U. S., SEC. 1851, (ORGANIC ACT,
REV. STATS. ARIZ. 1901, PAR. 15), CITED.—Act No. 41, *supra*, pro-
viding for no-fence districts, and making it unlawful for any animal
to run at large therein, and providing in section 4 and subsequent
sections that the owner of any property may detain all animals
doing damage on such property and turn them over to a pound-
keeper, and if the damages, costs, and expenses of keeping the
animals are not paid and the animals claimed within ten days after
the posting of certain notices therein provided, the poundkeeper
shall sell such animals at public auction to the highest bidder, the
proceeds of the sale, after deducting damages, costs, and expenses,
to be deposited to the credit of the county school fund, is repug-
nant to the constitution and void, as a deprivation of property
without due process of law, in so far as it authorizes a seizure and
sale and a payment of a private claim for damages for trespass
without judicial proceedings to determine the amount of damages
or whether the animals were in fact running at large within the
meaning of the act.

ERROR to the District Court of the Third Judicial District in and for the County of Yuma. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

Peter T. Robertson, for Plaintiff in Error.

H. C. Davis, for Defendant in Error.

KENT, C. J.—This action was brought by Mercedes Downey, the defendant in error, for the recovery of the value of a horse claimed by her, which had been impounded and sold to the plaintiff in error, the defendant in the action, by the poundkeeper of the justice precinct, under act No. 41, page 32 of the Laws of 1893. Judgment was entered in the court below in favor of the plaintiff upon an agreed statement of facts, and that judgment is brought to this court for review by writ of error.

The agreed statement of facts shows the compliance in every particular with the requirements of the act, and the regularity of the impounding and sale; and the only question to be determined in this court is whether or not the act is constitutional. The act in question provides that a majority of all the taxpayers residing in any justice precinct in the territory may petition the board of supervisors of the county in which such precinct is situated, expressing their desire that no fence shall be required around the lands in such precinct, and that, after the filing of such petition and due publication thereof, no fence shall be required around the lands in such precinct, and it shall be unlawful for any animal to run at large in such precinct thereafter. By section 2 of the act the constable of the precinct is made the poundkeeper of the precinct, and by section 3 it is provided, if any neat cattle, horses, etc., shall trespass or do any damage upon the premises of any person in such justice precinct, an action against the owner of the trespassing animals may be maintained. By section 4 and subsequent sections the act further provides that the owner of any property may detain all animals doing damage on such property and turn them over to the poundkeeper, who shall examine all marks or brands on them, and post notices containing a description of the animals, the amount of damages and costs for which they are detained, and the date and place at which they shall be sold, and such other information as the poundkeeper may deem advisable to bring the attention of the owner of the animals to the detention of the same. If the damages, costs, and expenses of keeping the animals are not paid and the animals claimed

within ten days after the posting of such notices, the pound-keeper shall sell such animals at public auction to the highest bidder, the proceeds of the sale, after deducting damages, costs, and expenses, to be deposited with the county treasurer to the credit of the school fund of the county, provided that the owner of the animal, upon satisfactory proof of such ownership within six months of the date of sale, may obtain from the county treasurer the net proceeds of the sale. By the Organic Act, Congress has provided that "the legislative power of the territory extends to all rightful subjects of legislation not inconsistent with the constitution and laws of the United States." Rev. Stats. U. S., sec. 1851. It is claimed that the act of 1893 in question authorizes a deprivation of property without due process of law, and hence is unconstitutional. The supreme court of the United States has held that a statute which enacts that a railroad company shall be responsible in damages for property along its line of road destroyed by fire communicated from its locomotive engines is constitutional (*St. Louis and San. Francisco Ry. Co.* v. *Mathews,* 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611); and that a statute which provides that a person driving a herd of cattle along a highway running on a hillside shall be liable for damages done by such cattle, in destroying the banks or rolling rocks onto such highway, is constitutional (*Jones* v. *Brim,* 165 U. S. 181, 17 Sup. Ct. 282, 41 L. Ed. 677). So the supreme court held valid a statute authorizing the recovery of double the value of stock killed by a railroad which failed to erect a fence, saying that, from its former adjudications, "it is evident that the fourteenth amendment does not limit the subjects in relation to which the police power of the state may be exercised for the protection of its citizens." *Minneapolis etc. Ry. Co.* v. *Beckwith,* 129 U. S. 26, 9 Sup. Ct. 207, 32 L. Ed. 585. It has been held that a statute providing that animals running at large on the public highway may be seized by any one, and sold by a public officer to pay the expenses incurred, is valid as a proper exercise of police power. *Campau* v. *Langley,* 39 Mich. 451, 33 Am. Rep. 414. And it has been repeatedly held that a city charter, as an exercise of police power, may provide for the taking up and impounding of animals found running at large in the public streets, and for their sale to pay expenses,

without judicial proceedings, and in some cases without notice to the owner. *Commonwealth* v. *Alger,* 7 Cush. 85; *Wilcox* v. *Hemming,* 58 Wis. 144, 15 N. W. 435, 46 Am. Rep. 625; *Burdett* v. *Allen,* 35 W. Va. 347, 13 S. E. 1012, 14 L. R. A. 337; *Coyle* v. *McNabb* (Tex. App.), 18 S. W. 198; *Rose* v. *Hardie,* 98 N. C. 44, 4 S. E. 41; *City of Paris* v. *Hale,* 13 Tex. Civ. App. 386, 35 S. W. 333; *Wilson* v. *Beyers,* 5 Wash. 303, 32 Pac. 90, 34 Am. St. Rep. 858; *Varden* v. *Mount,* 78 Ky. 86, 39 Am. Dec. 208. It has also been held that a law authorizing the seizure of animals trespassing upon private property, and authorizing proceedings for their condemnation, and giving the person injured a lien on the cattle, is constitutional (*Cook* v. *Gregg,* 46 N. Y. 439; *Campbell* v. *Evans,* 45 N. Y. 356); and so when such seizure is followed by a sale by an officer to pay the expenses (*Anderson* v. *Locke,* 64 Miss. 283, 1 South. 251); and, further, that an act of the legislature making it unlawful for animals to run at large in a county is valid (*Haigh* v. *Bell,* 41 W. Va. 19, 23 S. E. 666, 31 L. R. A. 131).

It will be observed, however, that in these cases, and in all the cases we have examined on this subject, no court has held that a legislature has acted within the limits of its authority when it has attempted to authorize by such an act as is now in question, in the manner therein provided, a recovery or a recompense for damages suffered by an individual by reason of the trespass by animals at large upon his private property. We have not before us the question whether the legislature has the power to pass an act restricting the running at large of animals, and providing that they be impounded and sold by an officer upon such notice as may be proper, to meet the charges of impounding if not paid. Such control and the regulation of conflicting interests of stockmen and farmers, if deemed advisable, is a proper exercise of legislative authority, when confined thereto. Nor do we pass upon the question whether the legislature, in the act before us, has not properly provided by section 3 thereof for an action on the part of the farmer against the owner of animals trespassing upon his lands, and thereby has adopted and declared for this territory the common-law rule with respect thereto. Neither do we pass upon the validity of this section of the act. The objectionable feature of the act is that, independent of any pro-

ceeding contemplated by section 3, the poundkeeper is authorized by subsequent sections of the act, without any judicial proceedings for the purpose of ascertaining either the amount of the damages or whether the animal was in fact running at large within the meaning of the act, to sell to satisfy the private claim of the landowner for damages for the trespass.

We have no doubt that the portion of the act which authorizes a seizure and sale and a payment of damages claimed for the trespass without judicial process or proceedings other than as provided for in the act is a deprivation of property without due process of law, and as such is repugnant to the constitution. Such is the logical deduction to be made from the reasoning of the courts in the cases cited above, with which we are in accord; and, in addition thereto, questions nearly identical have been so determined by the courts of last resort in New York and Texas. *Rockwell* v. *Nearing,* 35 N. Y. 302; *Armstrong* v. *Traylor,* 87 Tex. 598, 30 S. W. 440.

The decision of the trial court was right, and the judgment is affirmed.

Sloan, J., Davis, J., and Doan, J., concur.