JOHN M. ROSE v. R. W. HARDIE and JOHN GODDARD.

*Town  Ordinance—Statute.*

1. A town ordinance declaring that "all hogs, &c., found running at large within the town" shall be taken up, impounded, advertised, and if not claimed within a prescribed time, and the costs and penalty thereby incurred paid, shall be sold, is valid, whether the owner resides within the corporate limits of such town or not.

2. Chapter 58, Private Laws 1881, repealing the charter of the town of Fayetteville and making it the duty of the sheriff of Cumberland county to enforce all ordinances, &c., theretofore established for the government of said town as the town marshal might have done, is valid.

(*Hellen* v. *Noe,* 3 Ired., 493; *Whitfield* v. *Longest,* 6 Ired., 268; *Lilly* v. *Taylor,* 88 N. C., 489; cited and approved).

CIVIL ACTION, originally commenced before a justice of the peace and carried by appeal to the Superior Court of CUMBERLAND county, and tried before *Boykin, Judge,* at May Term, 1886, of said Court.

The following is the statement of the case on appeal:

The plaintiff was not a resident of the town of Fayetteville. In the month of March, 1882, his hogs were found running at large in the town of Fayetteville. The defendant, R. W. Hardie, was then the sheriff of Cumberland county, in which county Fayetteville is situated. After the passage of the law as embraced in Chapter 58, Private Laws 1881, the sheriff had appointed the defendant Goddard his deputy to enforce the provision thereof, which the sheriff was required to enforce. Goddard, as such deputy, had taken up and impounded in the common pound of the town the said hogs of the plaintiff so found running at large, at the time above specified, under the following ordinance of the town, which was introduced in evidence: "All hogs and goats found running at large within the town shall and

may be taken up and put in the pound, or other secure place provided by the town, by the town marshal, or any other person; and it shall be the duty of the town marshal to notify the owner of such hog or hogs, goat or goats, as soon as practicable, if known to him; and to advertise at the court-house, in the best manner he can, the hog or hogs, or goats, giving the ear marks or other distinguishing marks; and if the owner call for the same within three days, prove his or her property therein, and pay for each hog or goat the sum of $1.00 as a penalty for suffering it to run at large, and also 50 cents for the marshal's fee for impounding, and 10 cents a day for every day that the said hog or goat has remained in the pound, the same shall be delivered to such owner."

At that time, to-wit: in March or April, 1882, the town charter had been repealed by chapter 58, Private Laws 1881. There were no town officers. The defendant Goddard, as deputy, was acting under said chapter 58, Laws 1881. The said law of the General Assembly of 1881 was introduced in evidence. Chapter 66, Laws of 1811, was also read in evidence.

The plaintiff paid the amount due under said ordinance, for permitting his said hogs to run at large within the limits of said town, under protest, contesting the right of the officer to so impound his hogs. The property was then delivered into his possession, and he instituted this action to recover the $7.00 so paid to the officer.

The Court charged the jury that, under the provisions of said chapter 58, Laws 1881, under which the defendants attempted to justify, neither the sheriff nor his deputy could justify the impounding of plaintiff's hogs, and that plaintiff was entitled to recover if they believed the evidence. Verdict and judgment for the plaintiff, and defendants appealed.

*Messrs. R. P. Buxton* and *D. Rose*, for the plaintiff.
*Mr. N. W. Ray*, for the defendants.

DAVIS, J., (after stating the case). The validity of Chapter 58, Private Laws of 1881, is not an open question. It is valid. *Lilly* v. *Taylor*, 88 N. C., 489. Section 8 of that act declares that "any person who within the lines heretofore known as Fayetteville, shall violate any of the police or sanitary regulations, or any of the rules or ordinances which have been prescribed by the mayor and commissioners of Fayetteville, or any law prescribed for the government and well being of the citizens residing within the limits heretofore prescribed for Fayetteville, shall be guilty of a misdemeanor, and upon conviction, shall be punished as prescribed in laws, ordinances, rules and regulations.   *   *   *   *   * And the sheriff of Cumberland county is hereby invested with all the power and authority, rights and duties, which now belong to, or are invested in the town marshal of said town."

The ordinance set out in the case stated is one to be enforced in the manner prescribed in the foregoing section. The ordinance was passed by virtue of the authority contained in §3799 of *The Code*, (Bat. Rev., chap. 111, §15) and it was a misapprehension of the learned counsel for the plaintiff to suppose that as it was not authorized by §3800 of *The Code*, (Bat. Rev., chap. 111, §16) it was invalid.

The latter section authorizes the commissioners to *tax* "swine" running at large in the town, the former authorizes them to prohibit hogs from running at large, if deemed necessary "for the better government of the town," and the commissioners are the judges of the necessity or expediency of the prohibition.

The validity of town ordinances similar to that in question—in fact identical—has more than once been the subject of judicial determination in this State. An ordinance

passed in the town of Beaufort in 1841 ordained that after a day named, "each and every hog at large in the town will be taken up and penned, and advertised to be sold on the third day, unless the owner or owners of such hog or hogs shall pay," &c.

This ordinance was held to be valid. *Hellen* v. *Noe*, 3 Ired., 493; *Whitfield* v. *Longest*, 6 Ired., 268.

But the plaintiff says he was not a resident of the town of Fayetteville, and the ordinance could not affect the right of persons living beyond the limits of the town. It is the *hog* that is not permitted to run at large, and whether it be the property of a resident or non-resident, the mischief is the same and there can be no difference. The very point is decided in *Whitfield* v. *Longest, supra*, and the reasoning in that case and the authorities there cited are conclusive.

The plaintiff invokes the aid of Chapter 66 of the Laws of 1811, in relation to hogs running at large in the town of Fayetteville, which requires the town constable, upon taking up the hogs of non-residents, "to give notice to the owner of such hogs that they are taken up and pounded, and for such service he shall be entitled to receive two shillings for every head of hogs so pounded, from the owner thereof," &c. And he says that by this act the charge is limited to two shillings, and having collected more than that, the defendant is liable.

In reply, the defendant says that the act of 1811 has become obsolete or rendered nugatory by subsequent legislation, and if in force, the plaintiff is not entitled to the benefit of it because it expressly provides "that persons residing without the limits of the town of Fayetteville who shall in future claim the benefit of this act, shall render to the town clerk of the commissioners of Fayetteville, in writing, the ear marks of their hogs." This the plaintiff has not done, and it becomes unnecessary for us to consider whether the act is still in force or not, as he has not entitled himself to its benefit by a compliance with its requirements.

It was insisted for the plaintiff that section 8 of Chapter 58 of the Private Laws of 1881, makes the violation of the ordinance a misdemeanor, and therefore it could not be enforced against a non-resident. The answer is, the sheriff was invested with the authority the town marshal had possessed to enforce the ordinance—the *hogs* were running at large—he had a right to take them up and impound them wherever and whoever the owner might be, and the owner could only get them out of pound by a compliance with the ordinance. This the plaintiff did, though under *protest,* and it would be a curious legal result if he should be allowed to recover back the money paid, because being a non-resident, he could not be convicted of a misdemeanor for violating the town ordinance.

If such were the law, the town marshal or sheriff should be protected from the consequences of the unlawful arrest and imprisonment of the hogs of non-residents by requiring some mark to be put upon them to indicate that they were privileged nuisances.

The plaintiff is not entitled to recover, and there is error.

Reversed.