## THE CITY OF PARIS ET AL. v. OWEN P. HALE.

### No. 1542.

**1. City Stock Ordinance—Constitution.**

A city ordinance providing for the impounding and sale of stock running at large, which requires reasonable notice of sale and provides for the owner obtaining its release before sale on payment of a reasonable fee, or the net proceeds after sale on proof of ownership, is not unconstitutional, as depriving a citizen of his property without due process of law.

**2. Stock Ordinance—Running at Large.**

An animal which, kept confined by the owner, has escaped without his fault, is "running at large" within the meaning of an ordinance providing for impounding stock so found. It is not necessary that the owner knowingly or negligently permitted it to be at large in order to justify impounding it.

APPEAL from County Court, Lamar County. Tried below before Hon JNO. W. ROUNTREE.

A. P. Park, for appellants.—The court erred in his second conclusion of law in holding that the animal sued for was not running "at large" in the proper construction of the ordinance of the City of Paris, and that plaintiff's defense against the enforcement of said ordinance was a good defense and that plaintiff ought to recover his horse and cost of suit. Waco v. Powell, 32 Texas, 258; Coyle v. McNabb, 18 S. W. Rep., 198; Moore v. Crenshaw, 1 White & W. C. C., sec. 264; Batsell v. Blain, 4 Willson's C. C., secs. 195–6; Sloan v. Hubbard, 34 Ohio St., 587; Commonwealth v. Alger, 7 Cush. (Mass.), 85; 10 Am. & Eng. Ency. Law, 187; Dillon, Mun. Corp. secs. 348–350; Cooley, Con. Lim. secs. 588. As to the term "at large," Welsh v. Railway, 53 Iowa, 632; 12 Am. & Eng. Ency. Law, 898.

*Hale & Hale,* for appellee.—Under the undisputed facts of this case, the stock policeman had no right to take up, impound and retain possession of appellee's horse until the pound fees were paid, regardless of the facts and circumstances under which the horse was upon the street. Pressnall v. Raley, 27 S. W. Rep., 200; Lynn v. State, 25 S. W. Rep., 779; Briscoe v. Alfrey, 32 S. W. Rep., 505; Kinder v. Gillespie, 63 Ill., 88; 12 Am. & Eng. Ency. Law, notes, p. 901; Coles v. Burns, 21 Hun. (N. Y.); Commissioner v. 14 Hogs, 10 S. and R., 393; Nafe v. Leiter, 1 W. Rep. (Ind.), 165; Railway Co. v. Forbes, 37 Kans., 445; Endlich, Constr. of Stats., sec. 129; U. S. v. Kirby, 7 Wall., 482; People v. Admire, 39 Ill., 251; Bishop, Written Laws, sec. 93; Stephenson v. Ferguson, 30 N. E. Rep., 714; Wolf v. Nicholson, 27 N. E. Rep., 505.

Were all rules of practice and all technicalities waived, we would have on the first assignment of errors the simple question, whether there is or can be on this earth any reason given to excuse the owner of a horse found unattended on a street, which would relieve the owner from paying a penalty therefor, and appellant assumes, and must necessarily, that there is none, while we insist that no one can be deprived of property (and a dollar is property) without some kind of a contract, gift, descent, negligence, tort, or some wrong.

If the ordinance can be, and is construed to mean that the appellee is liable to the penalty provided by the ordinance, and the interpretation placed on it by appellants is the only one of which it is susceptible, then the said ordinance is unconstitutional and void, because it deprives the citizen of his property without due process of law, without fault, wrong or negligence of any kind on his part. Linn v. State, 25 S. W. Rep., 779; Donovan v. Vicksburg, 64 Am. Dec., 143; Flint River, etc. v. Foster, 48 Am. Dec., 276; Fisher v. McGirr, 61 Am. Dec., 383; 1 Dillon, Munic. Corp. secs. 319, 320.

KEY, ASSOCIATE JUSTICE.—*Opinion.*—Appellee instituted this suit against the City of Paris, and Milt Saufly, its stock policeman, and recovered judgment for a horse. The case is in this court on findings of fact by the trial court, showing:

1. That the City of Paris is a municipal corporation, incorporated by special law passed by the 21st Legislature of the State of Texas, approved March 27, 1889.

2. By its charter express authority is granted the city council to establish pounds and to regulate, restrain and prohibit the running at large of horses, mules, etc., and to authorize the restraining, impounding and sale of same for the cost of the proceedings and the penalty incurred, and to impose penalties on the owners thereof for the violation of any ordinance.

3. That the city council of the City of Paris regularly passed an ordinance making it unlawful for any horse, mare, mule, etc., to run at large within the corporate limits of the City of Paris, and made it the duty of the stock policeman, appointed by the city council for that pur-

pose, to take up and impound in some secure place provided for such purpose any and all stock mentioned in the ordinance, which might be found at large within the corporate limits, and so keep the same until disposed of as is provided in the ordinance.

The ordinance provides that notices should be immediately posted in three public places, advertising the taking up of such stock and the sale of the same unless reclaimed by the owner. It further provides, that the owner of any horse or other animal might reclaim the same before sale by paying the pound fee and other expenses of keeping the animal, which amounts are fixed by the ordinance. If any animal be sold the proceeds of sale is to be paid into the city treasury, and the owner, by proving ownership of any animal sold within three months after sale shall receive such proceeds, less expenses of impounding same, etc.

4. That Milt Saufly was on the 24th day of March, the regularly elected, qualified and acting stock policeman of the City of Paris.

5. That on the 24th day of March, A. D. 1894, the horse described in plaintiff's petition was found on a public street of the City of Paris, loose and unattended by any person, by Milt Saufly, stock policeman, was caught by him and taken to the city pound, which had been provided by the city council for impounding animals.

6. That Owen P. Hale is the owner of the horse sued for, which for more than a year previous to the time he was taken to the pound had been kept by the owner in a lot and barn adjoining the public street, and had never escaped therefrom before and had never been permitted to run loose upon the streets. That the lot and barn was a good and substantial lot and barn, and that the gates and doors were always kept fastened, that about one or one and one-half hours before the horse was taken up by the stock policeman, the horse broke out of the barn on to the street. That the owner used due care to keep his horse in the lot and barn, and that he got out without fault or negligence of the owner. That as soon as the owner learned that his horse was in the pound he demanded possession of the horse from the stock policeman, who refused to give him up, unless the owner paid the pound fee of one dollar.

7. That the owner refused to pay the pound fee and brought suit for recovery of the horse.

The court below held the ordinance to be valid; but also held, that the animal in question, under circumstances stated, was not running "at large," within the meaning of the ordinance. Appellee assails the first, and appellant the second, ruling; and we will consider these questions in the order stated.

1. While there are a few cases tending to support the contention that such ordinances deprive the citizen of his property without due process of law, and are therefore unconstitutional and void, the preponderance of authority is to the effect that such laws are valid when they require reasonable notice to be given before a sale of the animal, and its release upon the payment by the owner of a reasonable charge, before it is sold, and provide that the owner may obtain the net proceeds of the

sale of the animal by making proof of his ownership before a specified officer within a designated and reasonable time. 1 Dillon on Munic. Corp., secs. 348 to 551; Tiedman's Lim. Police Power, sec. 141; Gosselink v. Campbell, 4 Iowa, 296; Gilchrist v. Schmidling, 12 Kans., 264; Rose v. Hardy, 98 N. C., 44; Hard v. Nearing, 44 Barb., 472; Campau v. Langley, 39 Mich., 451; Wilcox v. Hemming, 58 Wis., 144; Burdett v. Allen (W. Va.), 14 Law. Rep. Ann., 337. The Supreme Court of the United States has decided that due process of law does not in all cases require a resort to a court of justice to assert the rights of the public against the individual, or to impose burdens upon his property for the public use. Murray v. Hoboken Land & Ins. Co., 59 U. S (18 How.), 272; McMillen v. Anderson, 95 U. S., 37. We therefore hold the ordinance to be valid.

2. The court below held that as appellee had exercised reasonable care to restrain his horse, and as it had escaped from custody without his consent or fault, it was not running at large, within the meaning of the ordinance. While there are some authorities that tend to support this construction, in our opinion it is unsound and should not prevail. We admit that written laws are not always to be construed literally, and that the purpose of construction is to ascertain the intent of the law-maker; and it is on account and in pursuance of the latter rule that we have reached a conclusion variant from that of the trial court. If we were called upon to construe an ordinance or statute that made it a penal offense for the owner of an animal to permit it to run at large we should probably hold, that unless the owner had wilfully or negligently allowed the animal to go at large, he would not be guilty of the offense charged against him; and such ruling would rest upon the familiar principle, that there can be no violation of a penal law unless there be an intention to do the thing complained of, or the party be guilty of such negligence as is tantamount to a willful act.

But the ordinance in question is directed against the animal, and does not subject the owner to a penal prosecution. It is to be presumed that the city council of Paris reached the conclusion that the public welfare would be subserved by not allowing such animals as are enumerated in the ordinance to be loose and uncontrolled within the limits of the city. And it is evident that the ordinance was intended to prevent some such real or supposed evil; and the remedy provided was intended to apply whenever the evil recurred, regardless of any purpose, or want of purpose, on the part of the owner of the animal; because the harm resulting from the animal being loose would be the same whether the owner was, or was not, in fault. Besides, the officer charged with the enforcement of the ordinance is given no discretion but it is made his duty to take up and impound any and all stock mentioned in section 1 of the ordinance, which may be found at large within the corporate limits of the city of Paris. And it is evidently contemplated that such animals shall be seized by the officer as soon as he discovers them loose and uncontrolled within the prescribed limits; and it would therefore be un-

reasonable and unjust to hold that when the officer performs his duty, as prescribed by the ordinance, he takes the risk of becoming a tort feasor and being held responsible for the value of the animal.

It is true that such an ordinance, construed as we construe it, may, in some instances, impose hardships upon the owners of animals. But to construe it as appellee contends might result in a greater hardship to the officer whose sworn duty it is to execute it; and such a construction would not remedy the entire mischief against which the ordinance is directed.

The case of Sloan v. Hubbard, 34 Ohio St., 583, is directly in point, and we are so well content with the views there expressed that we conclude this opinion with the following quotation from the opinion in that case: "Under the statute, cattle can be at large, as of right, only by the permission of the public authorities as provided in the second section. Except as authorized by that section the owners of cattle have no right to have them at large; and the public have the right to be protected against their being at large whether they are at large with or without the fault of the owner.

"The object of the sixth section is to invest the public with power to protect itself in the enjoyment of this right, by operating directly against the animal. The section authorizes any person, and requires the officers therein named, either on view or information and whether the owner is known or unknown, to take up and confine any animals mentioned in the act, found at large contrary to its provisions.

"It is said, the authority to take up applies only to such animals as are at large with the consent of or by the fault of the owner. We do not think so. The danger to the public, of mischief from intrusions of the animals, is the same whether they are at large with or without the fault of the owner. And the object of this section is to protect the public against the mischief likely to result from the animals being at large irrespective of the cause. This being the clear intent of the section, it should be construed so as to effect its object and repress the mischief. Moreover, it is not reasonable to suppose that the legislature, in requiring a public officer to take up animals 'on view,' whether the owner was known or unknown, intended to devolve upon him the risk of being mulct in damages if it should finally turn out that they were at large without the owner's fault. If the officer should be unable to justify, it would be at the election of the owner whether he would hold the officer liable for the value of the animals, or only for damages resulting from his temporary interference with them."

This case does not involve any question except the right of appellee to recover his horse without paying the pound fee which, under the ordinance, was due; and we hold that he had no such right.

The judgment of the county court will therefore be reversed, and judgment here rendered that appellee take nothing and pay all costs of both courts.     *Reversed and rendered.*

Decided April 22, 1896.