[No. 5356.  Decided March 17, 1905.]

## J. P. SHOOK, *Appellant,* v. JOHN C. SEXTON *et al., Respondents.*[1]

APPEAL AND ERROR—REVIEW—STIPULATION—EFFECT.  A stipulation admitting the facts stated in the pleadings, and treated by the parties and court as sufficient to raise the validity of an ordinance, will be so considered on appeal.

APPEAL—JURISDICTION—AMOUNT IN CONTROVERSY.  The supreme court has jurisdiction of an appeal involving the validity of an ordinance, regardless of the amount in controversy.

ANIMALS—IMPOUNDING—MUNICIPAL CORPORATIONS—ORDINANCES —VALIDITY—CONSTITUTIONAL LAW—DUE PROCESS OF LAW.  Under Bal. Code, § 1011, a municipal corporation of the fourth class may prohibit the running at large of domestic animals, and an ordinance providing for the summary sale of impounded animals, under reasonable notice, without a judicial inquiry, is effective to transfer the title and does not authorize the taking of property without due process of law.

SAME—IMPOSING FINE.  A provision in such an ordinance imposing a fine against an owner for permitting animals to run at large, to be exacted without a judicial investigation, is unconstitutional.

SAME—INVALIDITY OF ORDINANCE AS TO FINE NOT AFFECTING BALANCE OF IMPOUNDING ORDINANCE—SALE—VALIDITY—OFFER TO PAY LEGAL CHARGES.  An invalid provision in an impounding ordinance whereby a fine is exacted from the owner, does not affect the validity of the other provision of the ordinance, otherwise complete in itself, prohibiting the running at large of domestic animals and providing for a summary sale, without judicial investigation, to pay said fine and the charges for the impounding, keeping, and sale; nor does such provision affect the validity of a sale, where the owner did not offer to pay the legal charges; before or after the sale.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered February 27, 1904, in favor of the defendants, upon stipulated facts, after a trial be-

[1] Reported in 79 Pac. 1093.

fore the court without a jury in an action of replevin. Affirmed.

*Wright & Wright,* for appellant.

*Myers & Warren,* for respondents.

HADLEY, J.—This is an ordinary action in replevin for the recovery of a horse. The value is alleged at $150. The defendants answered, alleging ownership and right to possession as purchasers at an impounding sale, made in pursuance of an ordinance of the town of Reardan, a municipal corporation of the fourth class in this state. A written stipulation in the record, signed by counsel for the respective parties, admits that the facts alleged in both the complaint and answer are true. The stipulation also contains the following:

"It is further stipulated that, if the court finds the ordinance set up in the answer to be valid, legal and constitutional, then judgment shall be entered for the defendant; but if the court finds that said ordinance is invalid, illegal and unconstitutional, then judgment shall be entered for the plaintiff."

It might be argued from the above quotation that the parties were bound by the judgment of the trial court without further contest, but respondents do not urge that point, and, inasmuch as the parties and the trial court seem to have treated the stipulation as sufficient to submit the issue of the validity of the ordinance and without limitations as to further contest, we shall so regard it. The court held the ordinance to be valid, and entered judgment for the defendants. The plaintiff has appealed.

The amount in controversy is not within the jurisdiction of this court, but inasmuch as the validity of the ordinance was considered as in issue, this court has jurisdiction of the appeal, under § 4, art. 4, of the state consti-

tution, and Bal. Code, § 4650, whereby jurisdiction is
vested here without regard to the amount in controversy,
when the validity of a statute is involved in the action.

The only question before us is that of the validity of the
ordinance. We here set forth the ordinance in full.

"§ 1. That after the 31st day of May, 1903, it shall be
unlawful for the owners thereof to permit any hogs, mules,
horses or cattle to run at large within the corporate limits
of the town of Reardan, and any person who shall permit
any mules, horses or cattle to run at large contrary to
the provisions of this section shall be fined in the sum of
two dollars for each head of mules, horses or cattle so
permitted to run at large; and any person who shall per-
mit any hog to run at large contrary to the provisions of
this section shall be fined in the sum of one dollar for each
hog so permitted to run at large.

"§ 2. That it shall be the duty of the marshal to take
up any hogs, mules, cattle or horses permitted to run at
large in violation of this ordinance, and immediately post
notices in three public places within the corporate limits
of the town of Reardan, which notices shall give a descrip-
tion of the stock taken up and state that said stock, unless
redeemed by the owner, will be offered for sale at public
auction, stating the hour and the day when and the place
where such sale shall occur. That such sale shall in no
case occur in less than five days from the date of said no-
tices, and that the owner shall have the right to redeem
any stock taken up as hereinbefore provided, at any time
prior to the date of said sale by paying the fine and the
costs of keeping and feeding such stock. That if, at the
time set for the said sale, said stock shall not have been
redeemed, then the marshal shall proceed to offer said stock
for sale to the highest bidder for cash, and he shall retain
from the proceeds of such sale the cost of keeping and
feeding said stock, the amount of the fine and 10 per cent
of the amount of the proceeds of such sale, and the over-
plus, if any, to be deposited with the treasurer and kept
by him for six months; provided, if the owner of the stock
so sold shall at any time within the said six months, prove

his ownership of said stock then said overplus shall be paid over to said owner, but if no claim shall have been made for said overplus within said six months, then said overplus shall be accredited to the current expense fund, and all rights of redemption shall have expired. That in case there shall not be a reasonable sum bid for any stock advertised for sale hereinbefore provided, the marshal may at his option adjourn said sale and readvertise from time to time.

"§3. That the marshal shall retain as his compensation for the enforcement of the provisions of this ordinance, one-half of all fines which may be collected and 10 per cent of all sales made under the provisions of this ordinance. That any sum which may be retained as provided for in this ordinance, as costs for keeping and feeding stock, shall be applied by the marshal to the payment of such costs, and the marshal shall not allow unreasonable charges for such keeping and feeding. That one-half of all fines collected under the provisions of this ordinance shall be paid into the current expense fund."

It is urged by appellant that the ordinance is unconstitutional, in that it attempts to impose a fine on the owners of certain animals allowed to run at large, without a judicial investigation or an opportunity to show that a penalty has not been incurred. The legislature has conferred the following powers in the premises upon municipal corporations of the fourth class:

"  .  .  .  to regulate, restrain, or prohibit the running at large of any or all domestic animals within the city limits, or any part or parts thereof, and to regulate the keeping of such animals within any part of the city; to establish, maintain and regulate a common pound for estrays, and to appoint a pound keeper, who shall be paid out of the fines and fees imposed on, and collected from, the owners of any impounded stock." Bal. Code, §1011, subd. 10.

It will be seen that the power to impose a fine has been conferred by the legislature, but the question now is

whether such fine may be imposed without a judicial investigation. Such ordinances as the above are upheld by many courts, so far as they relate to the summary sale .of the animals without judicial inquiry, on failure to pay the expenses of impounding, keeping, notice and sale. It is held that the power to abate such nuisances as animals running at large is a police regulation, which necessarily includes the effective means for doing it, and that the summary sale method, under reasonable notice, is the most effective, since a judicial inquiry would cause delay and increased expense. This method must involve the transfer of title to the animal when sold. Otherwise it would be ineffective. But such a sale, under the terms of such an ordinance as the one now before us, does not work a forfeiture of the animal. In *Brophy v. Hyatt,* 10 Colo. 223, 15 Pac. 399, the court said of a similar ordinance:

"The ordinance does not, strictly speaking, declare or work a forfeiture of impounded animals, since it provides· for the payment of the proceeds of the sale to the owner, after deducting the costs of the proceeding."

See, also *Gosselink v. Campbell,* 4 Iowa 296. There is some conflict among authorities, but such ordinances, so far as they relate to the transfer of title to animals, the application of the proceeds of the sale to the payment of expenses, and the payment of the surplus to the owner, after actual notice, or reasonable notice by posting or publication has been given, are held by the following authorities not to authorize a taking of property without due process of law: *Dillard v. Webb,* 55 Ala. 468; *Gilchrist v. Schmidling,* 12 Kan. 263; *Campau v. Langley,* 39 Mich. 451, 33 Am. Rep. 414; *Campbell v. Evans,* 45 N. Y. 356; *Rose v. Hardie,* 98 N. C. 44, 4 S. E. 41; *Crosby v. Warren,* 1 Rich. (S. C.) 385; *Mayor v. King,* 7 B. J. Lea (Tenn.) 441; *Paris v. Hale,* 13 Tex. Civ. App. 386, 35 S. W. 333.

It is held, however, that a fine imposed by such ordinances without an opportunity for judicial investigation, being in the nature of a punishment of the owner for permitting his animals to go at large, cannot be exacted without judicial investigation, inasmuch as it is a matter *in personam* and a personal liability. *Wilcox v. Hemming,* 58 Wis. 144, 15 N. W. 435, 46 Am. Rep. 625; *Gosselink v. Campbell, supra; Poppen v. Holmes,* 44 Ill. 360, 92 Am. Dec. 186. In *Wilcox v. Hemming* and in *Gosselink v. Campbell, supra,* the provision as to a fine was held invalid; but the ordinances, essentially the same as the one at bar, were in all other respects held to be constitutional and valid. This court has held that the unconstitutionality of a portion of a law does not affect the validity of other portions thereof, when the remaining portion is separable and complete in itself. *Nathan v. Spokane County,* 35 Wash. 26, 76 Pac. 521, 65 L. R. A. 336.

It should be so held here. The ordinance is complete and effective without the provision as to a fine. Under its terms a fine of $2 was imposed which became an illegal charge without a judicial investigation. That fact does not, however, affect the judgment in this case. From the proceeds of respondents' purchase at the sale, the legal charges for the impounding, care and sale of the horse were paid. The record does not show that appellant ever offered before sale, or at all, to pay the legal charges. The title therefore passed to respondents under the sale. The amount paid at the sale was $59, and what appellant may be entitled to recover from the surplus is a matter between him and the municipality, which holds the surplus for him subject to proof of ownership.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.