# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1911.

---

### 2798.  STANLEY v. THE STATE.

1. The constitutional questions raised by the demurrer to the indictment were certified to the Supreme Court and decided against the contentions of the plaintiff in error. .

2. The controlling issue made by the allegations of the indictment and the evidence was as to whether the accused prescribed cocaine in good faith, in the proper treatment of an habitual user of the drug, or furnished it for the purpose of evading the provisions of the act regulating the sale of narcotic drugs; and testimony that the accused made other prescriptions of a similar character, for many different persons, was admissible for the purpose of establishing the criminal intent.

3. The force and effect which the jury may give to the statement of the accused in his defense can not be restricted by judicial construction, and it is error for the trial judge to instruct the jury that hearsay statements made by the accused as a part of the statement in his defense have no probative value and must not be considered by the jury. In this case, however, the error was harmless, as the statement contained nothing in the nature of hearsay that was in any respect material.

4. No material error of law appears, and the evidence fully supports the verdict.

DECIDED APRIL 3, 1911.

Indictment for prescribing cocaine unlawfully; from Chatham superior court—Judge Charlton.  May 3, 1910.

*P. W. Meldrim, Wilson & Rogers,* for plaintiff in error.

*W. C. Hartridge, solicitor-general,* contra.

HILL, C. J.  Stanley was convicted of a violation of the act of the General Assembly, approved August 22, 1907, entitled "An Act to provide against the evils resulting from the traffic in certain narcotic drugs, and to regulate the sale thereof."  Acts 1907, p. 121; Civil Code (1910), § 1651 et seq.; Penal Code (1910), § 459.

His demurrer to the indictment, raising certain constitutional questions, was overruled. His motion for a new trial was also overruled. Besides the general grounds, the motion contains two special grounds: (1) That the court erred in admitting in evidence a large number of prescriptions given by the accused to other persons than the one designated in the indictment, the objection being that this testimony was irrelevant and incompetent, and that no prescription was admissible in evidence unless it appeared that it had been given by the accused to the person named in the indictment; and (2) that the court erred in instructing the jury, in reference to the statement made to them by the accused in his defense, that "whilst the court is not authorized to interfere when the prisoner is making hearsay or irrelevant statements, I charge you that if hearsay statements are made, they should not be considered by a jury, no matter the source from which they come, whether from witnesses on the stand or the statement of the accused." This instruction is objected to on the grounds, that it lays down a wrong rule of law; that it tends to disparage and minimize the effect of the prisoner's statement; that it was especially erroneous in the case at bar, because the question was one largely of good faith on the part of the practicing physician, and the statement of a patient, while hearsay, is admissible on an issue dealing with a diagnosis or treatment of the patient by the physician, the defendant insisting that he in good faith and from proper motives had prescribed cocaine.

1. The constitutional questions were duly certified by this court to the Supreme Court, where they were decided against the contentions of the plaintiff in error. 135 *Ga.* 859 (70 S. E. 591.)

2. The act under which the indictment was framed makes it a penal offense for any practitioner of medicine to furnish to or prescribe for the use of any habitual user of the same any of the narcotic drugs therein mentioned, unless the person for whom the drug is furnished or prescribed is under his professional care and such drug is deemed necessary for his proper treatment. In other words, the statute makes the controlling question one of good faith on the part of the practitioner of medicine in furnishing or prescribing the drug; the issue being whether he does so in good faith for a patient, or whether the prescription is made for the purpose of evading the provisions of the act. In the present

case the indictment charged that the accused, "being then and there a practitioner of medicine, did unlawfully prescribe cocaine for the use of an habitual user of the same, to wit, Frances Townshend, said cocaine not having been prescribed in good ·faith by a lawfully authorized practitioner of medicine, to wit, said defendant, for the use of an habitual user of narcotic drugs who was then and there under the professional care of the defendant, a lawfully authorized practitioner of medicine, and was not a substance that said defendant deemed necessary for the treatment of the said Frances Townshend, said prescription having been furnished for the purpose of evading the provisions of a certain act of the General Assembly of Georgia, approved August 22, 1907," etc.

The accused contended in his defense that Frances Townshend, the habitual user of the narcotic drug, was a patient of his and under his treatment, and that he prescribed cocaine for her because he deemed it necessary for her proper treatment. The State contended that the act was not in good faith, but was done for the purpose of evading the provisions of the statute aforesaid. It will thus be seen that the controlling issue was as to the question of good faith, and any testimony that would tend to illustrate this issue would be admissible in evidence. At the time that the accused was prescribing cocaine for Frances Townshend, the habitual user of cocaine named in the indictment, he was also furnishing and prescribing cocaine to many other persons who were habitual users of this drug. The State, for the purpose of establishing the criminal intent, introduced as a witness another habitual user of cocaine, for whom the drug had been repeatedly prescribed by the accused. This witness testified that the accused, at the time he gave him the prescription, made no examination of him, and asked him no questions as to his condition, but simply complied with his request and gave him prescriptions for the cocaine, for which he paid him 50 cents for each prescription; and in addition to this testimony the State introduced a large number of similar prescriptions which the accused had made for other habitual users of narcotic drugs, all tending to show that he was engaged extensively in the business of giving prescriptions, and receiving pay therefor, to habitual users of such drugs, especially of "cocaine."

We think the testimony was clearly admissible for the purpose of illustrating the issue of good or bad faith on the part of the

accused in prescribing and furnishing the narcotic drugs. The general rule is well settled that, upon the trial of one for a criminal offense, other and distinct criminal transactions can not be given in evidence against him; but the exception to this general rule is equally well settled that evidence of other transactions, which are similar in character and closely connected in time, and which tend to show motive or intent, may be received in evidence, and that, when the intent or guilty knowledge of the accused is a material ingredient in the issue of the case, other acts and transactions of a similar character, tending to establish such intent or knowledge, are proper evidence. *Robinson* v. *State, 6 Ga. App.* 711 (65 S. E. 792) ; *Clarke* v. *State, 5 Ga. App.* 95 (62 S. E. 663) ; *Lee* v. *State, 8 Ga. App.* 413 (69 S. E. 310) ; *Farmer* v. *State,* 100 *Ga.* 41 (28 S. E. 26), and cases there cited.

The learned trial judge, in his instructions to the jury, stated very carefully the rule under which this character of testimony is admitted, as well as the purpose for which it is admissible, in the following language: "Certain testimony has been offered by the State in regard to other prescriptions said to have been given by the defendant. The only case you are trying is the case set out in this particular indictment, and therefore, even if it be shown that the defendant furnished this drug, or any drug, to other persons than the person named in this indictment, you are not trying that case; but such testimony has been permitted by the court to go in evidence upon the question of intent and motive, good faith, to show whether or not there was a systematic course adopted by the defendant to furnish this drug, not in good faith, but for the purpose of evading the provisions of the act, and, so far as the testimony admitted may show that, then it is relevant. If it does not indicate a lack of good faith, or intent, or motive, showing a general course of conduct which may illustrate the intent and motive in the particular case here, then it is not relevant." It may be stated in this connection that, irrespective of this evidence, the jury were fully authorized, from the testimony of Frances Townshend, the person named in this indictment as the habitual user of cocaine, to conclude that the accused, in furnishing and prescribing to her the narcotic drugs, did so, not in good faith for the purpose of treatment, but solely for the purpose of evading the provisions of the act.

3. The force and effect which the jury are authorized under the statute to give to the statement of the accused made in his own defense can not be in any manner restricted by judicial interpretation. Rules governing the admission of testimony and the weight which the jury should give to the evidence are not applicable to the statement made by the accused in his defense. *Coxwell* v. *State, 66 Ga. 309*; *Richardson* v. *State, 3 Ga. App. 313 (59 S. E. 916)*. The jury are left absolutely free to give to any statement which the accused may make in his own defense just such weight as they may see proper to give it, and this court is not prepared to state, under the broad and unlimited provisions of the statute relating to the statement of the accused, that the jury would not be authorized to consider even hearsay statements made by the accused in his own defense, especially if such hearsay statements in any manner tend to illustrate the quo animo with which the particular act was done. The writer of this opinion once heard a distinguished trial judge, in ruling on the question of hearsay evidence, announce that sometimes he derived more light from hearsay evidence than from that which was direct and positive. Whether this statement illustrated the legal acumen of the jurist in question, or his legal obtuseness, it certainly can not be reasonably said that the jury, who are authorized to give to any statement which the accused may make in his own defense just such weight as they may think proper to give it, can only give weight to that part of the statement which would be admissible in evidence under strict rules of law. The question is so entirely and exclusively one for determination by the jury, and the statute is so explicit both as to the right of the accused to make the statement and as to the right of the jury to believe it, that the Supreme Court and this court have repeatedly suggested that trial judges should neither add to nor take from the express language of the statute. Nevertheless, these suggestions are frequently unheeded; the trial judges seeming to be unable to keep from expressing protests and dissents on the unrestricted right of the accused and the jury on this subject. We think, therefore, that the trial judge, in instructing the jury without qualification that they were not authorized to give any consideration to hearsay statements made to them by the accused, used language in conflict with the act of the legislature and tending to restrict the unlimited right of the jury.

But a careful examination of the statement made by the accused in his own defense in this case shows that the error was harmless. The learned counsel for the plaintiff in error seems to think that these instructions of the court excluded from the consideration of the jury any statement made by the patient of the accused that would enable him to make a proper diagnosis and treatment, and it may be true, as contended by him, that a statement by the patient to his physician at the time of the diagnosis that would show good faith in giving the prescription would be admissible, even in evidence, yet an examination of the statement shows that the patient in this case made no statement of her condition to the accused when he furnished to her the various prescriptions for cocaine. The only part of the statement made by the accused that could be considered as hearsay was "that the consensus of opinion of all of them, the medical societies and the drug-store association, was that if we wrote these prescriptions in good faith we could write them." While this may be called hearsay, it was wholly immaterial and inconsequential; for, if the accused wrote the prescription in good faith, he was not guilty, whether or not such was the consensus of opinion of the medical societies or drug-store association.

4. The evidence in the record clearly shows that the accused was engaged in the practice of prescribing and furnishing narcotic drugs, especially cocaine, to habitual users of that drug; that he wrote prescriptions, and was paid therefor, for many habitual users of that drug; and that the persons to whom he sold the prescriptions were not his patients under medical treatment, but were miserable victims of a most pernicious habit, fostered and encouraged by the accused for purposes of unlawful profit and in the prostitution of a noble profession.          *Judgment affirmed.*