[No. 13769. Department One. April 13, 1917.]

THE CITY OF SEATTLE, *Respondent*, v. J. W. HEWETSON, *Appellant*.[1]

INTOXICATING LIQUORS—PROHIBITION LAW — UNLAWFUL PRESCRIPTIONS—EVIDENCE—SUFFICIENCY. In a prosecution for unlawfully issuing a prescription for whiskey, whether the accused had reason to believe that the applicant was sick, is a question for the jury, where it appears that the office of the accused adjoined a drug store that filled many prescriptions on the day in question, some of them written by him, that any one could obtain a prescription by signing a statement declaring that he was sick and in need of medicine, which was done, and that, at the time in question and at other times, many were standing in line waiting for prescriptions, and no physical examination was made.

SAME — PROHIBITIVE ORDINANCE — MUNICIPAL CORPORATIONS — POWERS. A city ordinance providing that prescriptions for intoxicating liquors shall not be issued by physicians unless there is good reason to believe that the applicant is actually sick and that the liquor is required as medicine, is not invalid as a prohibitive ordinance, but is authorized by Rem. Code, § 7507, enumerating the

[1]Reported in 164 Pac. 234.

powers of a city of the first class, and authorizing such cities to regulate the sale of intoxicating liquors.

STATUTES—PARTIAL INVALIDITY. The invalidity of some of the sections of an ordinance regulating the sale of liquor does not affect a prosecution for the violation of other sections that are valid.

INTOXICATING LIQUORS—PROHIBITION—STATE LAW—EXCLUSIVENESS —POWERS OF CITY. The state wide prohibition law does not deprive a city of the power to legislate upon the same subject, so long as the city ordinance does not conflict with the state law, there being nothing in the act to show such intention.

SAME—PROHIBITION—PRESCRIPTIONS—GOOD FAITH. Upon a prosecution for issuing a prescription for whiskey without reason to believe that the applicant was actually sick or that the liquor was required as medicine, evidence is admissible of the issuance by the accused of other prescriptions to various persons within a specified time, as bearing upon the issue of good faith.

TRIAL—OBJECTIONS TO EVIDENCE. Objection to oral evidence as to the contents of the record book kept in a drug store, that it was incompetent, irrelevant, and immaterial, is not sufficient to raise the point that it was not the best evidence, or that it was secondary evidence and no proper foundation had been laid.

EVIDENCE—BEST AND SECONDARY—ADMISSIBILITY. Secondary evidence is admissible of the contents of the records of the prescriptions kept by a drug store, where after every reasonable effort made, the records could not be produced.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 3, 1916, upon a trial and conviction of violating a city ordinance regulating the sale of liquor. Affirmed.

*John F. Dore* and *Robert Welch*, for appellant.

*Hugh M. Caldwell* and *Thomas J. L. Kennedy*, for respondent.

MAIN, J.—The defendant in this case was charged, in the police court of the city of Seattle, with having issued a prescription for whiskey, without having any good reason to believe that the person to whom it was issued was actually sick, or that the liquor was required as medicine. The trial in the police court resulted in a judgment of guilty, and a

fine of one hundred dollars. From this judgment, an appeal was taken to the superior court. There, the trial resulted in a verdict of guilty. From the judgment entered upon the verdict, the appeal is prosecuted.

The first assignment of error is that there was not sufficient evidence to justify the submission of the question of the guilt of the appellant to a jury. The evidence shows that the Brendel Drug Company was conducting a drug store at 117 Yesler Way, in the city of Seattle; that the appellant, a licensed physician, had an office in the back part of the room occupied by the drug store; that the office could be entered by a door from the portion of the building used for the drug store; that, on the evening of February 19, 1916, the complaining witness went to the appellant for the purpose of getting a prescription for liquor; that he entered through the drug store, found seven or eight persons standing in line, waiting for similar prescriptions, and, when his turn came, said to the appellant that he had a cold, or a bad cold; that, thereupon, the appellant inquired of him if he would like a little stimulant, and the complaining witness said "yes;" that, before receiving the prescription, the complaining witness was required to sign a statement, as follows:

"I, the undersigned, do declare that the prescription written for me by Dr. J. W. Hewetson for intoxicating liquor on this date, is for medical purposes; that I am sick and in need of medicine and will take the same according to directions. Dated this 19th day of February, 1916. M. W. Palmer, 135 N. 75th St."

That there was no examination of the complaining witness as to his physical condition. The evidence further shows that the record book and the prescription file at the Brendel Drug Store disclosed that, on February 19th, 164 prescriptions for liquor had been filled; on February 18th, 103; on February 17th, 105; and, on February 16th, 83; and that most of these prescriptions had been written by the

appellant. It was admitted, upon the trial, that any one "could get a prescription for intoxicating liquor unless he refused to sign one of these statements," and that the appellant had "for the past two years written prescriptions free of charge."

There was some evidence as to the number of persons standing in line waiting to have prescriptions written on other occasions than the one above referred to. Under this evidence, and other details that appear in the testimony, the question whether the appellant had ground to believe that the person to whom he issued the prescription was actually sick, or that liquor was required as medicine, was for the determination of the jury. It could not be held, as a matter of law, on such evidence, that the respondent had failed to prove that the appellant, when he issued the prescription for which he was being tried, did not have good reason to believe that the person to whom it was issued was actually sick, and that the liquor was required as medicine.

The next point is that the ordinance under which the charge was laid was void, for two reasons: First, because the city had no authority to pass it at the time of its enactment; and, second, that, even if the city then had such power, at the time the offense was alleged to have been committed the city ordinance had been superseded by chapter 2, p. 2, Laws of 1915 (Rem. Code, § 6262-1 *et seq.*), generally referred to as initiative measure No. 3.

The ordinance was enacted on December 1, 1915. By § 10 of art. 9 of the constitution, any city of the first class has power to frame a charter for its own government, consistent with and subject to the constitution and laws of the state. By § 11, a city may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws. Section 7507, Rem. Code, enumerates powers of a city of the first class. By subdivision 32 thereof, such city has power to regulate the sale or giving away of intoxicating liquors; by subdivision 33, to grant li-

censes for lawful purposes; by subdivision 34, to regulate the carrying on within its corporate limits of occupations which are of such a nature as to affect the health or the good order of the city. The objection urged against the ordinance in this connection is that it is a prohibitory, and not a regulative, ordinance, and therefore it was beyond the power of the city to pass it, because the city had power only to regulate, and not to prohibit. Whether the sections of the ordinance other than those which refer to the issuance of prescriptions for intoxicating liquor are prohibitory, or not, is a matter in which we are not now concerned. The provisions of the ordinance under which the appellant is charged cannot be said to be prohibitory, and even though some sections of the ordinance might be void, it would not destroy the efficacy of those under which the charge is laid. *Shook v. Sexton*, 37 Wash. 509, 79 Pac. 1093. Even though the ordinance did imply some degree of restraint and prohibition, it was yet a regulative, and not a prohibitory, ordinance. *Tacoma v. Keisel*, 68 Wash. 685, 124 Pac. 137, 40 L. R. A. (N. S.) 757.

It is not to be understood from what has been said that we hold that the city, at the time the ordinance was passed, did not have power to pass a prohibitory ordinance. Upon this question, no opinion is expressed. The sections of the ordinance which the appellant was charged with violating are regulative in their nature, and in passing such an ordinance, the city acted within its power.

The second reason urged against the ordinance is that the state, by the passage of initiative measure No. 3 (Rem. Code, § 6262-1 *et seq.*), expressed an intention of removing the subject of intoxicating liquors from the control of municipalities. It will certainly be admitted that legislation relating to the sale of intoxicating liquors is an exercise of the police power. The fact that there is state legislation relating to the sale of intoxicating liquor does not deprive the city of the power to legislate upon the same subject, so

long as the city ordinance does not conflict with the general
law of the state, unless the state act should show, upon its
face, that it was intended to be exclusive. *Seattle v. Chin
Let,* 19 Wash. 38, 52 Pac. 324; *Seattle v. McDonald,* 47
Wash. 298, 91 Pac. 952, 17 L. R. A. (N. S.) 49; *State v.
Hagimori,* 57 Wash. 623, 107 Pac. 855; *Spokane v. Spokane & Inland Empire R. Co.,* 75 Wash. 651, 135 Pac. 636;
*Seattle Electric Co. v. Seattle,* 78 Wash. 203, 138 Pac. 892.

From an examination of initiative measure No. 3, we do
not find any provision therein with which the ordinance in
question conflicts. Neither do we think that the act was in-
tended to be exclusive, and deny to the municipalities of the
state power to enact ordinances relating to the same subject-
matter, so long as such ordinances were not in conflict with
the provisions of the state act. In other words, there is noth-
ing in the act to indicate that municipalities shall not have
power to pass ordinances relating to the sale of intoxicating
liquors so long as such ordinances are not out of harmony
with the state statute.

The next contention is that the court erred in admitting
testimony relating to prescriptions other than the issuance
of the Palmer prescription, upon which the charge of which
the appellant was convicted was laid. The rule is that, in
cases of this character, such evidence is competent. The
real issue in such a case is whether the prescription was
given in good faith, and, as bearing upon this question, the
number of prescriptions given by the accused, within a speci-
fied time, for intoxicating liquor, to various persons, as found
on the file of the druggist, in whose store the appellant kept
his office, is competent. *Lee v. State,* 8 Ga. App. 413, 69 S.
E. 310; *Stanley v. State,* 9 Ga. App. 141, 70 S. E. 894;
*Weatherford v. State,* 51 Tex. Cr. 430, 103 S. W. 633; *State
v. Atkinson,* 33 S. C. 100, 11 S. E. 693.

In the case last cited on this question, it was said:

"The fifth, tenth, and eleventh grounds impute error to
the circuit judge in allowing witnesses to be asked as to the

number of prescriptions given by defendant within a speci-
fied time, for intoxicating liquors, to various persons, as
found on the files of the druggist in whose store the defendant
kept his office. It seems to us that such testimony was clear-
ly competent where the real issue was, as in this case, whether
the defendant had *bona fide* given the prescription upon
which the indictment was based to the person therein named,
as a patient upon whom he was actually attending as a phy-
sician, or whether the whole thing was not pretensive, and a
mere device to evade the law."

In the case here for determination, an essential element of
the charge was that the appellant issued the prescription
without good reason to believe that the person to whom it
was issued was actually sick, or that the liquor was required
as a medicine. The good faith or intention of the appellant,
in writing the prescription, was directly in issue. Under the
authorities cited, and many others that might be assembled,
the evidence was competent.

Finally, it is contended that there was error in the admis-
sion of the evidence as to the number of prescriptions for in-
toxicating liquor which had been written by the appellant
upon the day, and a day or two previous to the time, the pre-
scription upon which the charge was based was written.
Under the authorities already cited, the evidence was com-
petent. No error can be predicated upon the fact that the
testimony upon this question was by witnesses who had ex-
amined the record book and the prescription file in the drug
store prior to the trial, for two reasons; First, the only ob-
jection urged against the oral testimony as to the contents
of the book, and the number and contents of the prescrip-
tions, was that it was incompetent, irrelevant, and imma-
terial. This was not a sufficient objection to preserve the
question that the evidence offered was not the best evidence.
If the claim was that the evidence was inadmissible because
it was secondary, and that no proper foundation had been
laid, these objections should have been pointed out to the

trial court. *Liebenthal v. Price*, 8 Wash. 206, 35 Pac. 1078; *State v. Spangler*, 92 Wash. 636, 159 Pac. 810.

The other reason why the objection to the testimony is not well taken is because every reasonable effort, by means of a subpoena *duces tecum*, had been made to have the record book and the prescriptions brought into court.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, and WEBSTER, JJ., concur.