## W. A McCUTCHEN v. E. B. GORSLINE.

### Decided April 19, 1905.

**1.—Dangerous Premises—Negligence—Trespassing Animals.**

Where a horse running at large in violation of a city ordinance fell into an open well on defendant's uninclosed lot, defendant could be held liable for the injury only on the ground of gross negligence.

**2.—Same—Gross Negligence not Shown.**

It was not sufficient in this case to charge defendant with gross negligence that he permitted the well to remain open and said that he, and not the city, would be liable for damages caused thereby, since it was not reasonably to be expected that animals forbidden by law to run at large would trespass on the lot and fall into the well.

Appeal from the County Court of Wichita. Tried below before Hon. W. P. Skeen.

*Huff, Barwise & Huff,* for appellant, cited: Railway Co. v. Russell, 43 S. W. Rep., 576; Railway Co. v. Cooke, 64 Texas, 157; Railway Co. v. Dooley, 80 S. W. Rep., 566; Railway Co. v. Dobbins, 40 S. W. Rep., 861; Railway Co. v. Evans, 37 S. W. Rep., 93; Railway Co. v. Dunham, 68 Texas, 234; City of Paris v. Hale, 35 S. W. Rep., 333; Galveston

Land & Imp. Co. v. Pracker, 22 S. W. Rep., 831; Frazier v. Bedford, 66 S. W. Rep., 573; Moran v. Pullman Palace Car Co., 33 L. R. A., 755; Barney v. Hannibal, 26 L. R. A., 847; Railway Co. v. Shiflet, 11 Texas Ct. Rep., 488; Railway Co. v. Lawler, 3 Willson Civ. Cas., 38.

*L. H. Mathis,* for appellee.—1. The owner of an animal running at large, in violation of an ordinance prohibiting its being at large, can nevertheless recover its value from one whose gross negligence caused its death. Railway Co. v. Cocke, 64 Texas, 157; Railway Co. v. Dooley, 80 S. W. Rep., 560; Railway Co. v. Lawler, 3 Willson's Civ. Cases, p. 38; Railway Co. v. Dunham, 4 S. W. Rep., 472; Caulkins v. Matthews, 5 Kan., 191; Malloy v. Savings Society, 21 Pac. Rep., 525.

JAMES, CHIEF JUSTICE.—The material facts of this case, briefly stated, are: McCutchen had for some years owned an unfenced vacant lot in the city of Wichita Falls upon which there was an old open well of considerable depth. Near by Gorsline had a stable, and during a certain night one of his horses got out, went upon this lot, and was found in the well dead next morning. There was an ordinance of the city concerning which the following admission was made: "It is admitted as a proven fact in the case that the horse of plaintiff was at large in violation of the city ordinance above mentioned, and that the horse while out was subject to be impounded, as provided for in said ordinance, and it is further admitted that the well into which the horse fell was in the city limits of the city of Wichita Falls, Texas, a public municipal corporation of over 2,000 people, and duly incorporated under the general laws of Texas relating to such corporations, and in that territory in which horses, mules, etc., were prohibited by law to run at large." The ordinance prohibited persons from allowing or permitting any such animals to run at large upon any street, alley or enclosed lot within the city limits, and made it the duty of all persons owning such animals to have the same generally penned or fastened.

Another ordinance was in evidence in effect forbidding the keeping or permitting of any uncovered opening or hole in or across any sidewalk or public passway, street or thoroughfare, unless the same is sufficiently guarded or protected to insure safety of all persons passing by or over same. The materiality of this latter ordinance is not perceived, as the well was not upon or across any sidewalk, highway or public passway. It was shown that there was a foot pathway diagonally traversing the lot, which ran ten feet or more from this well, and also testimony that the lot and the lot next to it had for some time been used as a show ground, and a great many people frequently went there to shows.

There was also testimony going to show that the authorities had directed defendant to fill up wells on lots owned by him, and that he had said, in reference to this well, that he, and not the city, was responsible for all damages caused thereby.

The verdict was for plaintiff for $150, the value of the horse.

It is conceded by appellee that defendant was not liable, except for gross negligence in maintaining upon his premises this uncovered well. Such is the law, in view of the fact that the horse was at large contrary to the ordinances of the city. (Railway v. Cocke, 64 Texas, 157.) Ap-

pellee insists that the defiant attitude assumed by defendant, in maintaining the well in the condition it was in a central and much used portion of the city, indicated such reckless disregard of the consequences of his act as to admit of his being adjudged guilty of gross negligence.

If this were an action for injury to persons or animals that might reasonably be expected to resort to the lot, the case might be different. But the case before us must be determined upon the facts that are pertinent to it. It involves the degree of care, if any, which devolved on defendant in reference to animals which, by law, were not permitted nor expected to be at large—nothing else. That persons resorted to that lot has nothing to do with the question.

In Railway v. Dooley (80 S. W. Rep., 566), the rule announced in Railway v. Cocke (64 Texas, 157), and in Railway v. Dunham (68 Texas, 231) was applied, in which first-named case it was stated that a railway company can be held liable, in this character of case, upon proof of negligence on the part of the employes in failing to prevent the injury after discovering the presence of the animal on or dangerously near the track, or otherwise showing such gross negligence as would be tantamount to this. The latter expression is very general, but no doubt correct. However, it is evident that what was meant by this is that conditions or circumstances must have presented themselves enjoining upon the defendant the duty to do something to avoid injuring the animal. What have we in this case except that defendant did not expect, and had no reasonable ground for expecting, that an animal forbidden by law to be at large would fall into the well? That defendant permitted this well to remain open on his lot can not convict him of gross negligence with reference to animals prohibited, and not expected, to be at large. That he said he, and not the city, would be liable for damages caused by the well, can not be taken as evidence of his gross negligence with respect to animals not permitted or expected to go there. The contingency of an animal breaking out and escaping, and remaining at large a sufficient time to fall into the well, was too remote to impose any duty upon defendant to provide against it.

The case was fully developed, and upon the undisputed facts of the ordinance and the remoteness of the contingency of the animal getting at large and falling into the well, it appearing that defendant was not guilty of gross negligence, the judgment will be reversed and judgment here rendered for the appellant.

*Reversed and rendered.*