### Fort Worth & Denver City Railway Company v. Hodge & Speer.

#### Decided January 15, 1910.

**1.—Appeal—Amount in Controversy—Jurisdiction.**

On appeal from a Justice to a County Court the transcript showed that the plaintiffs sued in the Justice Court for $99 as damages to a shipment of cattle, but did not show any specific claim for interest on that amount; in the County Court plaintiffs expressly claimed interest on said amount of damages from the date of the accident to the date of judgment, making the total amount more than $100, and judgment was rendered in their favor for the principal and interest claimed. Held, the amount in controversy was in excess of $100, and an appeal would therefore lie to the Court of Civil Appeals.

**2.—Same—Remittitur.**

When the amount in controversy in a suit originating in a Justice Court exceeds $100, a remittitur in the County Court so as to reduce the judgment to less than $100 will not affect the defendant's right of appeal.

**3.—Railroads—Fencing Switch Limits—Negligence.**

A railroad company is not required by law to fence its tracks within its switch limits in a town, and when livestock is killed by the engines of the company within such limits the burden of proof is upon the plaintiff to prove negligence on the part of the defendant.

**4.—Same—Negligence—Proof.**

Where cattle were killed at night within the switch limits of a railroad in a town, and no one saw the occurrence, and the engineer testified that he felt his engine strike something at or about the place where the cattle were found, but did not see them before striking them, the evidence was not sufficient to show negligence.

**5.—Same—Injury to Animal—Measure of Damage.**

Where an animal is not killed but only injured by a locomotive the measure of damage is not the reasonable cash market value of the animal with interest from the date of the accident.

Appeal from the County Court of Hardeman County.   Tried below before Hon. J. C. Marshall.

*Spoonts, Thompson & Barwise, Decker & Clarke* and *J. M. Chambers,* for appellant.

*Hankins & Magee,* for appellee.

DUNKLIN, Associate Justice.—One of the trains of the Fort Worth & Denver City Railway Company killed five head of cattle and injured another, all belonging to Hodge & Speer. The owners filed suit in the Justice Court to recover damages therefor, and judgment was there rendered in plaintiffs' favor. The case having been appealed to the County Court plaintiffs again recovered, and from that judgment defendant has appealed to this court.

Appellees suggest that the amount in controversy in the suit was less than one hundred dollars and upon that ground insist that this appeal should be dismissed for want of jurisdiction of this court to determine the issues involved. While the transcript of proceedings in the Justice Court shows that plaintiffs sued to recover ninety-nine dollars as damages sustained by them on July 19, 1907, and does not show that there was any specific claim for interest on that amount, yet by their pleadings in the County Court they did claim damages in the sum of ninety-nine dollars with interest thereon from the date of the accident to the date of the judgment, and the judgment was there rendered in their favor for ninety-nine dollars principal and eight dollars and eight cents interest. The accident happened July 19, 1907; suit was instituted in the Justice Court January 22, 1908, and was tried in the County Court November 28, 1908. This showed the amount in controversy to be in excess of one hundred dollars. (Schulz v. Tessman, 92 Texas, 488; Ft. Worth & D. C. Ry. v. Everett, 95 S. W., 1085.) The action of plaintiff in remitting the interest after judgment was rendered is not material to the question now under discussion. (Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478.) The motion to dismiss the appeal is therefore overruled.

The evidence conclusively showed that the cattle were injured within the defendant's switch limits in the town of Quanah. In the case of Gulf, C. & S. F. Ry. v. Blankenbeckler, 13 Texas Civ. App., 249 (35 S. W., 333), this court held that at such places a railway company is not required by law to fence its track.

Under the facts as above shown plaintiffs could not, in any event, recover without proof of negligence on the part of defendant resulting in the injury complained of. The cattle were injured at night and no one witnessed the accident. The engineer in charge of the locomotive testified that he felt his engine strike something at or about the place where the cattle were found, but did not see them before striking them. This afforded no proof of negligence and there was no other evidence to establish the charge of negligence. McCutchen v. Gorsline, 39 Texas Civ. App., 146 (86 S. W., 1044); Gulf, C. & S. F. Ry. v. Anson, 101 Texas, 198.

The court instructed the jury that the measure of plaintiffs' damages would be the reasonable cash market value of the cattle killed and injured with the interest thereon at the rate of six percent per annum from the date of the accident. As to the animal that was injured but not killed unquestionably this charge was erroneous.

For the errors above indicated the judgment of the trial court is reversed and the cause remanded for another trial.

*Reversed and remanded.*