DALLAS GAS CO. v. WHEAT.

(Court of Civil Appeals of Texas. Dallas. Nov. 8, 1913. Rehearing Denied Nov. 29, 1913.)

MUNICIPAL CORPORATIONS (§ 802*)—INJURIES TO ANIMALS ON STREET—ORDINANCE.
Where the city ordinance declared that the running at large of horses was a nuisance and prohibited, the owner of a horse which was killed by falling into a ditch in a street opened by a gas company cannot recover where it appeared that the animal was unattended, and had escaped from the owner's inclosure at the time of the injury.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1672–1683; Dec. Dig. § 802.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by C. Wheat against the Dallas Gas Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Smith, Robertson & Robertson, of Dallas, for appellant. Seay & Seay, of Dallas, for appellee.

RAINEY, C. J. Appellee sued to recover from appellant the value of a horse that was killed by falling into a ditch dug by appel-

---

lant along a street in the corporate limits of the city of Dallas. On the trial of the cause a judgment was rendered for appellee for the sum of $250.

The facts are that appellant excavated a ditch for laying its pipes along Worth street. The ditch was 400 or 500 feet in length, 43 inches in depth, and 40 inches in width. The ditch remained open and unguarded for 8 or 10 days, except at night, when red lights were placed along the side of the ditch to give warning. Plaintiff's horse was found dead in the ditch one morning. It had evidently strayed there unattended, and fallen into the ditch. As to his knowledge of the mare being at large, plaintiff testified: "The night previous to the horse's falling in the ditch I had taken her out of the buggy, and tied her up, and fed her between 7 and 8 o'clock, and that is the last time I saw the horse alive. The next time I saw her was the next morning between 5 and 6 o'clock, dead in the ditch. * * * The night before she had a chain around her neck, fastened with a snap, and the other end of the chain was fastened around a pole to another snap. * * * I have tied and hitched a good many horses in my life. The chain with which I fastened this horse was about a half inch chain. I had fastened her with a snap around the neck, making a loop, and the other end of the chain was snapped around a pole. There were no defects in the snappers as far as I know, and no defect in the chain that I saw. I fastened the horse as securely as I knew how in my back yard. The back yard is fenced. I don't know how the horse came to get loose and get out. * * * The rear part of my premises was fenced off from the front part. I have several stables there, some of which are open, and some are closed. * * * The night before her death I had placed the mare [it was a mare that was killed] in the box stall. The box stall has no gate to it. * * * I had a well in the yard on the northeast side of the house. The neighbors next door were in the habit of using water from the well, which they had been doing for a good while, and in order to get to the well they had to come through this gate, which was just a wire gate fastened with a string with a loop above. These neighbors had the city water, and they came to that well for drinking water; but I don't know whether that was a daily occurrence or not. I do not recollect that this mare had ever gotten out before that. I had a colt that would get out once in a while; but I don't know how often. * * * I do not remember how the colt got into the street; but it got loose occasionally, and got out. Of course it would have to get through that gate, because there was no other gate that it could get through."

Article 239, City Ordinances, in force at the time, reads: "The running at large of horses, mules, jacks, jennets, cattle, sheep, goats, hogs or geese, within the city of Dallas, is hereby declared a nuisance, and positively prohibited, and it is hereby made unlawful for the owner or keeper of any such animals to permit the same to run at large within the corporate limits of said city."

Article 248, City Ordinances, imposes a fine on the owner for permitting any animal to run at large in the city limits.

Article 189 of the City Code provides: "Whoever under lawful permission shall for any purpose dig or make any ditch, drain, excavation or hole in, across or under any street, alley, sidewalk, or other public place within this city, and shall not with all reasonable dispatch refill the same and fix such street, alley, sidewalk or place in as good condition as the same was found, shall be deemed guilty of a nuisance, and on conviction shall be fined not exceeding one hundred dollars."

Article 199 makes it a penal offense for one to violate said ordinances.

Under the city ordinance relating to stock running at large, which provides: "The running at large of horses, mules, jacks, jennets, cattle, sheep, goats, hogs or geese, within the city of Dallas, is hereby declared a nuisance, and positively prohibited," etc.— we are constrained to hold that, when plaintiff's horse fell into the ditch, and was killed, it was running at large, and it is immaterial whether the plaintiff permitted it to run at large or not, or that he would not be liable criminally. The horse at the time running at large constituted a nuisance, and the liability of appellant will not be measured by the want of care used by it for the protection of such animal. It owed no duty to the said animal, and it cannot be said that it ought reasonably to have anticipated such an accident.

Whether the facts would make appellant liable, had injury resulted to a person or animal attended, we deem unnecessary to decide, and our holding that no liability rests upon appellant for the death of the horse is based on the fact that it was running at large, which constituted a nuisance, and appellant was under no obligation to use efforts to protect it. We cite the following authorities as applicable to the facts in this case: M'Cutchen v. Gorsline, 39 Tex. Civ. App. 146, 86 S. W. 1044; Galveston L. & I. Co. v. Pracker, 3 Tex. Civ. App. 261, 22 S. W. 830; City of Paris v. Hale, 13 Tex. Civ. App. 386, 35 S. W. 333.

Under our view of the evidence, the appellee showed no right of recovery, and, as the case is fully developed, the judgment of the court below is reversed, and judgment here rendered for appellant.

Reversed and rendered.