BAKER v. McMILLAN. (No. 762.)

(Court of Civil Appeals of Texas.     El Paso.
Dec. 6, 1917.     Rehearing Denied
Jan. 3, 1918.)

RAILROADS ☞424—FENCING RIGHT OF WAY
—ANIMALS—NEGLIGENCE.

In a city where there is a valid ordinance prohibiting stock from running at large, the owner of stock killed on a railroad track must prove negligence, although the railroad has not fenced its right of way, but in localities where there is no such law the railroads cannot defend, where the track is unfenced.

Appeal from Anderson County Court; E. V. Swift, Judge.  ·

Suit by Major McMillan against James A. Baker, receiver of the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

N. B. Morris, Jr., N. B. Morris, and J. H. Ransom, all of Palestine, for appellant.  W. R. Petty, of Palestine, for appellee.

HARPER, C. J.  This suit was filed in justice court by appellee to recover the value of a horse killed by a passenger train operated by the receiver of the International & Great Northern Railway Company, and this appeal is from a judgment in county court for $100 and interest.

It was admitted by both parties in open court that the animal in question belonged to the plaintiff; that it was killed on the 2d day of November, A. D. 1915, by one of defendant's trains; that the operatives of said train were not guilty of negligence in the killing of said animal; that the track and right of way where the animal was killed was not fenced; that said point where said animal was struck and killed was and is situated within the city limits of the city of Palestine, Tex., and within the yard limits of said railroad company at Palestine; that at the time the animal was killed, and before and since then, there was and is in said city of Palestine a valid ordinance prohibiting the running at large of horses and other animals, and that said horse at said time was a trespasser on the defendant's track.

Appellant urges that the court erred in refusing a peremptory instruction for defendant, upon the ground that it being admitted that the horse was killed at a point which was and is situated within the city limits of Palestine, Tex., a city having in full force and effect at the time and place of the accident a valid city ordinance prohibiting horses and other animals from running at large, and it being further admitted that said horse was, at the time of its death, a trespasser on appellant's track, and it being further admitted that the operatives of the train which killed said horse were not guilty of negligence, the appellee cannot recover as a matter of law.

Appellee's counter proposition is that in order for the appellant to defend in this action it must show that the right of way and tracks could not or that it would not be permitted to fence, which it has not shown. The rule invoked by appellee is applicable to points upon the railway right of way where there is no valid stock law prohibiting animals from running at large; but in all localities where there is a valid law prohibiting stock from running at large the owner of animals must show negligence in order to recover, for the reason that he violates the law in permitting his stock to run at large, and the animal commits a trespass when it goes upon the track.  M., K. & T. Ry. Co. v. Tolbert, 100 Tex. 485, 101 S. W. 206; T. & P. Ry. Co. v. Webb, 102 Tex. 210, 114 S. W. 1171; Ft. Worth & D. Ry. Co. v. Hodge & Spur, 58 Tex. Civ. App. 540, 125 S. W. 350.

It being admitted in this case that a valid law or ordinance prohibiting the running at large of horses or other animals, and, further, that the operatives of the train were not guilty of negligence in killing the horse, the appellee cannot recover its value, and the trial court should have given the requested peremptory instruction for defendant.

Reversed and rendered.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.